Brown v. King.

———— ·•⊙•· ————

JOSIAH BROWN, Defendant in Error, *v.* WILLIAM O. KING, Plaintiff in Error.

1. *Practice—Supplying Lost Records.—Default.—*Where the petition and writ are destroyed or lost after service, the plaintiff cannot file a new petition and take judgment by default without first giving notice to the defendant, and taking the proper steps to supply the lost record.
2. *Practice—Default—Jury.—*Upon the assessment of damages upon an interlocutory judgment, the defendant has the right to demand that the damages be assessed by a jury.

*Error to Dade Circuit Court.*

*John S. Phelps,* for plaintiff in error.

I. The interlocutory judgment was improperly and prematurely taken. Before the return term of the writ, the original petition was destroyed. Two terms of the court were thereafter held and plaintiff below took no steps in the

cause. At the third term after the commencement of the suit Brown filed an amended petition in the cause, and in five days thereafter (the court continuing in session longer) took an interlocutory judgment by default. Defendant was entitled to have until the next term to answer the action— R. C. 1855, p. 1255, § 15. Until there was a petition on file, defendant could not answer the action.

II. The court should have empannelled a jury to assess the damage—Graham's Pr. 631 ; 3 Chitty's Pr. 671–2, 675 ; 1 Tidd's Pr., 570 & 573 ; 1 Dane Abr. 543. As to English practice in awarding damages, Nelson v. Sheridan, 8 T. R. t. p. 222 & 395 ; Art. 7 of Amend. to Const. of Mo., " the right of trial by jury shall remain inviolate";.3 Jac. L. Dic., tit. Judgment, 552 ; 3 Pet. 446–7 ; Bald. C. C. 404 & 222 ; Pratte et al. v. Corl, 9 Mo. 162 ; Sutton v. Clark, 9 Mo. 555 ; 10 Mo. 31 & 557 ; 30 Mo. 600 ; 31 Mo. 490 ; 3 Black Com. 398.

III. The court should have heard evidence in investigation of damages—Sathes v. Kipp, 12 How. N. Y. Pr. 342 ; Webb v. Coonce, 11 Mo. 9 ; Gra. Prac. 643.

WAGNER, Judge, delivered the opinion of the court.

It appears from the record in this case, that the plaintiff instituted suit against the defendant and others, returnable to the October term, 1863, of the Dade Circuit Court. Prior to the holding of the October term, 1863, the courthouse in Dade county was burned, and with it the original petition in this cause. The defendant was duly served with process previous to the burning of the courthouse, but no further steps were taken in regard to the case till the second day of the April term, 1865, when the plaintiff's attorney filed what he termed an amended petition, without giving any notice to the defendant, and proceeded on the fifth day of the term to take judgment by default, the term continuing several days longer.

The defendant afterwards appeared in court, and moved to set aside the interlocutory judgment because it was irregularly taken, which motion was by the court overruled, and at the next term a final judgment was rendered.  Upon an inquiry of damages, the defendant demanded a jury; but, the plaintiff waiving a jury, the court refused to accede to the defendant's request, and proceeded to assess the damages without the intervention of a jury.

These are the material points, though the record is made out in such an imperfect and bungling manner, and the attorneys involved and confused the case with such a multiplicity of motions, as to render it very difficult to arrive at the true merits or the precise state of the record.

The original petition was destroyed by fire, and before the plaintiff could take any further action requiring the defendant to appear and plead or answer, it was necessary that he should have notified the defendant and proceeded according to law to supply the record.  After the destruction of the papers, it was not sufficient for him to appear in court *ex parte* and file either a new or amended petition, as if the cause was regularly in court.  When the petition was lost or destroyed, the defendant could not answer or make his defence; and the record could only be supplied by taking the requisite legal course for that purpose, which was certainly not done in this case.  This was not a suit upon an instrument in writing, and the statute declares that in case of interlocutory judgments other than by *nil dicit*, by confession, or upon an issue of law, or where it is founded upon a demand which is ascertained by an instrument of writing, the plaintiff may, if he demand it, have a jury to assess his damages; and if no jury be demanded, the court shall, at the proper term, assess the damages.  The statute here evidently contemplates the case where the default is taken, and there is no appearance by the defendant, and it is left optional with the plaintiff whether he will ask the aid of a jury or not in making the assessment.  But no negative words are used

implying a prohibition on the part of the defendant, when he appears, to demand a jury in the inquiry, if he sees fit to do so. The section will bear no such construction, and it was surely never intended to deprive the defendant of this right to have the services of a jury in passing upon questions of fact connected with the question of damages.

The judgment must be reversed and the cause remanded. The other judges concur.