OSCAR GALM, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, June 5, 1905.

NEGLIGENCE: Pleading: Variance. Where the plaintiff alleges specific acts of negligence as the cause of the injury complained of, he must prove the acts alleged, else he will fail in his action; and held the record discloses a fatal variance between the allegations of the petition and the evidence in support thereof.

Appeal from Boone Circuit Court.—*Hon. A. H. Waller,* Judge.

REVERSED AND REMANDED.

*Geo. S. Grover* and *N. T. Gentry* for appellant.

(1) Having alleged that the furniture was injured in a certain manner, and having alleged that the negligent acts were committed in a certain way, it was necessary for the plaintiff to prove the allegations of the petition. In other words, the probata must agree with the allegata. Chitty v. Railway, 148 Mo. 75; Waldhier v. Railroad, 71 Mo. 514; McCarty v. Hotel Co., 144 Mo. 397; McManamee v. Railway, 135 Mo. 447; Watson v. Railway, 133 Mo. 246; Buffington v. Railway, 64 Mo. 246; Feary v. Railway, 162 Mo. 96; Price v. Railway, 72 Mo. 414; Ely v. Railway, 77 Mo. 34; Bartley v. Railway, 148 Mo. 139; Harty v. Railway, 95 Mo. 368; Schlereth v. Railway, 96 Mo. 515.

*J. S. Banks* for respondent.

All of the testimony in behalf of plaintiff shows positively as to the manner in which the injury was done to plaintiff's furniture. It is besides well-settled law in this State that proof of negligence need not be by direct testimony, but may be inferred from facts and circumstances. Haynes v. Railroad, 54 Mo. App. 582, 585; Hines v. Railroad, 100 Mo. 228.

ELLISON, J.—The plaintiff shipped over defendant's road a lot of household furniture from Macon City to Columbia, Mo. It arrived at the latter place in a damaged condition and he brought this action charging negligence in the following language:

"  . . . the agents, employees and servants of defendant company, carelessly, negligently and wantonly conducted themselves in the premises by breaking the seal on said car, on said aforesaid described route, and placed in said car other articles of freight, namely, several boxes of fertilizers and to make room for same in

said car, plaintiff's said furniture was thrown over by said defendant's agents, employees and servants, one piece on another, and one piece against the other, and against the side of said car, and said other freight was thrown against said furniture." He recovered judgment in the trial court.

The rule in this state has been time and again stated to be that if the pleader alleges specific acts of negligence as cause of the injury to himself or his property, he must prove the acts alleged, else he will fail in his action. [Chitty v. Railway, 148 Mo. 75; McManamee v. Railway, 135 Mo. 447; Buffington v. Railway, 64 Mo. 246; Waldhier v. Railway, 71 Mo. 516; McCarty v. Hotel Co., 144 Mo. 397; Feary v. Railway, 162 Mo. 96.] In this case, while there was evidence to support the charge of the furniture being injured, and while the evidence would well justify the inference that it was injured by defendant, yet, there was no evidence whatever that it was injured by defendant's servants wantonly throwing it over one piece on another, and one piece against the other, and against the side of the car, or that such servants threw the boxes of fertilizers against the furniture. On the contrary, plaintiff himself testified that "I think this damage was done by the railroad company, but I don't know; it was done by the servants and employees of the railroad company." Whatever else that language may mean, it does not say that the servants were guilty in the manner set forth in the petition.

For the reasons foregoing, the judgment must be reversed and the cause remanded. All concur.