JOSEPH A. McMURRY, Respondent, v. THE PRAIRIE OIL AND GAS COMPANY, Appellant.

**Kansas City Court of Appeals, December 20, 1911.**

1. **NEGLIGENCE: Act of God: Pleading Supported by Evidence: Escape of Oil from Pipe Line.** Defendant operated a pipe line carrying petroleum from oil fields in Kansas to its refineries in another state. At a point where this pipe passed beneath a stream it burst during a freshet and the escaping oil damaged plaintiff's growing crop. In this action for such damages the petition charged that at the point in question the defendant negligently failed to strengthen its pipes at the joints with clamps as it should have done. Defendant claimed the evidence did not support the charge of negligence, and that the break was caused by an act of God. There being evidence that other similar freshets had occurred in this stream, and that the break could have been guarded against by the use of the clamps described in the petition and that reasonable inspection would have shown the need of their use, the case was one for the jury.

2. ———: ———. Where negligence concurs with an act of God, and the injury would not have occurred but for the negligence, the act of God is no defense.

3. **TITLE TO LAND: Possession Prima Facie Evidence of Ownership.** Evidence of possession of land is prima facie proof of ownership unless challenged by someone claiming a better title.

4. **PLEADING: Negligence: Specific Allegations: Sufficiency of Evidence.** A plaintiff charging several acts of specific negligence must prove enough of his allegations to make his case. He is not required to prove all of the acts charged.

5. **PRACTICE, TRIAL: Instructions.** Where the court gives twenty-one instructions at the request of a defendant in a case involving simple questions there is no room for defendant to complain of insufficient instruction on any issue.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Judge Cates, Joseph Park, Smoot & Cooley* and *J. M. Payne* for appellant.

Negligence cannot be presumed from the fact of an accident and resulting injury. Yarnell v. Railroad, 113 Mo. 570, l. c. 580 and cases cited; Schaffer v. Railroad, 128 Mo. 64, l. c. 71, 72; Railroad v. MacKinney, 135 Pa. St. 462; s. c. 37, A. & E. R. R. Cas. (O. S.) 152, l. c. 158. Burden of proof always on plaintiff. Schaffer v. Railroad, 128 Mo. 64, l. c. 71-72; Railroad v. MacKinney, 135 Pa. St. 402, s. c. 37, A. & R. (O. S.) 152, l. c. 158, (17 Atl. 14) ; Curtis v. Railroad, 18 N. Y. 534; Transportation Co. v. Dawson, 11 Wall. 129; Yarnell v. Railroad, 113 Mo. 570; Railroad v. Kuhn, 6 S. W. (Ky.) 441, l. c. 444. It is the settled rule in Missouri that where the petition specifies the particular act of negligence, the petitioner must be restricted to this act. Pryor v. Railroad, 85 Mo. 378; Jacquin v. Railroad, 57 Mo. App. 320; Hite v. Railroad, 130 Mo. 132; Bartley v. Railroad, 148 Mo. 124; McName v. Railroad, 135 Mo. 440; Kennedy v. Railroad, 107 S. W. 16, 128 Mo. App. 297; Bever v. Railroad (Mo.), 111 S. W., l. c. 57, 58 (1908). The trial must be limited to proper issues, and any instruction outside of such issues is error. Respondent should have been restricted to the issues made by the pleadings. Whippe v. Peter Cooper B. & L. Ass'n, 55 Mo. App. 554, l. c. 558; Roscoe v. Railroad, 202 Mo. 576, l. c. 587; Link v. Vaughn, 17 Mo. 585; Ensworth v. Barton, 60 Mo. 511.

*N. N. Pettingill* and *John T. Barker* for respondent.

(1) Where there is negligence concurring with an "act of God," and but for such negligence the injury would not have occurred, the person guilty of such negligence is liable. Brush v. St. Louis, 161 Mo.

433; Standley v. Railroad, 121 Mo. App. 537; Harrison v. Light Co., 195 Mo. 606; Newcomb v. Railroad, 169 Mo. 409; Scharff v. Company, 115 Mo. App. 157; Smith v. Fordyce, 190 Mo. 1. (2) Plaintiff asked no instruction on the measure of damages. If defendant wanted such an instruction, it should have asked it. Long v. Nute, 123 Mo. App. 204; Wilson v. Railroad, 122 Mo. App. 667; O'Leary v. Kansas City, 127 Mo. App. 77; Gamachee v. Metal Co., 116 Mo. App. 597; Flaherty v. Transit Co., 207 Mo. 318; Brown v. Printing Co., 213 Mo. 611. (3) Defendant permitted this pipe to remain in the bed of a creek three or four years without an inspection, when it knew the channel of the creek changed each year and that holes would be washed under the pipe. This was negligence. Kaiser v. Suppe, 133 Mo. App. 19; Markey v. Railroad, 185 Mo. 348; Siebrecht v. Gas Co., 47 N. Y. Supp. 262; Brennan Con. Co. v. Cumberland, 15 L. R. A. (N. S.) 435. (4) Defendant oil company should have kept its oil in its own pipes. It is liable for an injury done by reason of the oil escaping from such pipes. Brennan Con. Co. v. Cumberland, 15 L. R. A. (N. S.) 535; Langabaugh v. Anderson, 62 L. R. A. 948; Kinnaird v. Oil Co., 89 Ky. 468, 12 S. W. 938; Berger v. Gas Co., 60 Minn. 301, 62 N. W. 336; Brady v. Steel Co., 102 Mich. 277, 60 N. W. 687. The verdict in this case was for the right party and should not be disturbed. Where justice has been done, appellate courts will not interfere. R. S. 1909, sec. 2082; Atkins v. Grain Co., 130 Mo. App., l. c. 547; Huff v. Railroad, 213 Mo. 495.

BROADDUS, P. J.—This is an action to recover damages on the ground of the alleged negligence of defendant whereby plaintiff's growing crop of corn was injured by reason of petroleum escaping from the former's transportation pipe line. There are sev-

eral specific allegations of negligence in the petition among which is the following; that defendant failed to strengthen said pipes at the joints with clamps. Others equally as specific were assigned but as they were not sustained by the evidence it is unnecessary to give them.

The defendant is a pipe line company carrying crude oil from the oil fields of Kansas to points in the east to be refined. At the point in controversy it has its pipes laid along the right of way of the Santa Fe Railway and plaintiff's land is situated just south of this right of way. A stream called the Fabius river runs under the railroad track and through plaintiff's land in its downward course. The plaintiff's crop of corn alleged to have been injured is about two miles below the point where defendant's pipe line crosses said stream. This pipe line is made of steel tubing, eight inches in diameter and three-eighths of an inch in thickness. The ends of the pipe are threaded with eighteen threads to the inches, and the threads are cut back from the ends of the pipe three inches. A collar about six inches in length is put on one end of each section of the pipes, which are from eighteen to twenty-five feet in length, and the end of the next section is screwed into this collar which is also threaded. The collar is of the same thickness as the pipe. By this means a continuous line of pipe is constructed. The pipes are laid about one and one-half feet under the ground, except where they cross under streams. In crossing the Fabius river the excavation was deepened at the angle of the banks to decrease the curve of the line in reaching the bed of the stream where the pipe was buried in the ground about two and one-half feet. It was shown that defendant in constructing its line on the bottom of some rivers, in order to secure the pipe against danger of being broken from the flow of water, used clamps at the joints in the pipe.

By the use of these clamps the joints in the pipes, which were the weakest points in the line, were made as strong as the other parts of the pipes. The river in question was small and during the dry weather of the summer ceased to become a running stream. But when excessive rains occurred its banks overflowed and covered the lowlands both above and below the railroad bridge and pipe line, and the force of the water in the channel frequently changed the character of the bottom leaving what is called wash outs.

In May, 1908, the river was swollen by an unusual flood and the water overflowed the lowlands and the pipe line broke in the middle of the channel which permitted the oil to escape and spread upon the water. There was evidence to the effect, however, that the overflow did not exceed others that occurred previously. Plaintiff's evidence tended to show that many thousand gallons of oil escaped and when the water subsided in a few days, it left "a black, slimy coat" of oil all over the lowlands on plaintiff's farm destroying his crops and injuring his land; that defendant's agents who constructed the pipe line were familiar with the river and knew that it was liable to overflow at any time.

The charge of negligence is that defendant failed to properly construct and maintain the pipe line at the place in question.

The line had been constructed about three years prior to the time in question, during which defendant had given reasonable inspection except to that part of the line in question which it had failed to inspect at any time since its construction. It was shown that the earth had been washed from over and under the pipe for a distance of about thirty feet, and that it was broken by reason of its exposure to the force of the current of water. There was evidence also tending to show if a proper inspection had been made and

proper precaution exercised in all probability the pipe line would not have separated at the time it did.

Plaintiff was asked if he was the owner of the land upon which the crop was destroyed. Defendant objected to the competency of the question which the court overruled, and he testified that he was the owner.

There was also objection made at one time to the manner in which plaintiff was attempting to prove his damages, but much other evidence of the same character was offered without any objection whatever.

The defendant's evidence tended to show that the amount of oil alleged by plaintiff to have escaped was greatly exaggerated; that the amount that reached plaintiff's farm was not sufficient to injure his crops; and that whatever injury they sustained was caused by the overflow of water.

It is insisted by defendant that the plaintiff failed to make out a case and that, therefore, the court erred in refusing its demurrer to plaintiff's evidence. It is contended, first; that the flood which caused the injury being the act of God defendant was not liable.

If it was shown that the flood which caused the pipe line to break was wholly the result of an extraordinary flood in the river in question, unmixed with negligence on the part of the defendant, such showing would exclude the right of plaintiff to recover for the injury he sustained in consequence of such flood. But as the evidence tends to show that the breaking of the pipe line could have been prevented had the defendant used proper care in the construction and maintenance of the same the question was one for the jury.

The defendant's agents according to the plaintiff's evidence were familiar with the river and knew that it was liable to overflow during excessive rains and that during high water it scoured the earth in the bottom of the channel creating washouts. With this knowledge it appears to us that it could have secured

its pipes by clamps which it was shown should be used in places where the line was likely to become exposed in the bottoms of rivers. Had these clamps been used it is scarcely necessary to say that the force of the water in question would not have caused the pipe to separate. We think the case falls within the rule that, where there is negligence concurring with the "act of God" and but for such negligence the injury would not have occurred, the person guilty of such negligence is liable. Such is the well established law of this state. [Standley v. Railroad, 121 Mo. App. 537; Brash v. St. Louis, 161 Mo. 433; Scharff v. Co., 115 Mo. App. 157; Harrison v. Light Co., 195 Mo. 606.]

Next, it is insisted that plaintiff did not make proof of his ownership of the land. He was in possession claiming to be the owner which was sufficient until it was challenged by someone claiming a better title. Defendant denied his title it is true, but that did not create such an issue as required him to produce his title deeds.

A great part of defendant's argument and brief is based upon the alleged failure of plaintiff to prove the specific allegations of his petition. The rule is not disputed that in such cases the plaintiff in order to recover must prove the specific acts charged, and he will not be permitted to recover on proof of negligence generally. We will not encumber this opinion with reference to such cases. But it is nowhere held that a plaintiff is required to prove all such specific allegations. A plaintiff may allege many specific allegations of negligence, as was done in this case, upon proof of any one of which he would be entitled to recover. The case of Galm v. Railroad, 113 Mo. App. 591, and numerous cases cited by appellant do not bear out its contention. It might just as well be said that a plaintiff in an attachment suit would be held to prove all the grounds alleged as cause for such attach-

ment although he might have recovered by alleging and proving any one of them.

We believe there was evidence sufficient to authorize the verdict of the jury upon the specific act of negligence charged that defendant had failed to secure its pipe line by clamps. And we think it was sufficiently shown that the injury to plaintiff's growing crops and land was caused by the oil that escaped from the broken pipe line.

The court at the instance of defendant gave twenty-one instructions covering as we think every debatable issue in the case, and if they did not it was defendant's own fault for in a plain case like this only a few instructions were necessary to fully and properly instruct the jury as to the law applicable to the facts. The issues were, was the defendant negligent in failing to properly construct its pipe line so as to resist excessive floods in the river in question, and if negligent, was the plaintiff damaged by. reason of such negligence and the extent of such injury?

Plaintiff introduced evidence to support these issues and defendant on its part introduced evidence tending to contradict such showing of the plaintiff, and further, that the injury was caused by the vis major. The jury found the issue for the plaintiff and we do not see that defendant has any right to complain as there was no material error committed by the court in the admission or rejection of evidence or in the giving or refusing of instructions. Affirmed. All concur.