BESSIE H. FAWKES, Appellant, v. NATIONAL REFINING COMPANY, a Corporation, and EARL HOWELL.—108 S. W. (2d) 7.

Division One, July 30, 1937.

632

*Luther W. Adamson* and *Martin J. O'Donnell* for appellant.

*Ringolsky, Boatright & Jacobs* and *McVey, Randolph, Smithson &
Garrity* for National Refining Company.

634·

PER CURIAM:—This is an action for $60,000 damages for personal injuries. On May 9, 1931, plaintiff was a passenger riding with

her husband in the cab of his one-half ton truck about ten-thirty in the evening eastwardly along Van Horn Road, which road is a part of the State highway system in Jackson County connecting Kansas City and Independence. They were driving home. It had been raining and at the time it was misting. On the south side of Van Horn Road at its intersection with Hardy Avenue, defendant National Refining Company, hereinafter referred to as the "company" maintained a gasoline filling station which was in charge of its employee Earl Howell. On that evening C. H. Stinnett, with a companion, pushed his one and one-half ton coal truck into the filling station and purchased some gasoline. After the purchase the engine of the coal truck would not start, whereupon Stinnett and his companion, with the help of Howell, the filling station attendant, pushed Stinnett's truck from the filling station premises onto the highway and eastwardly along the highway toward the top of a slight rise after gaining which the truck was to coast down the opposite descending grade. Plaintiff charges that at the time Howell and the others were pushing Stinnett's truck onto and along the highway there were no lights on the truck and states facts showing a violation of the statutory requirement that after dark motor vehicles shall carry lighted lamps; that defendants knew the truck had no lights and were negligent in pushing it onto and along the highway without lights; and that as a result of the absence of lights the truck in which plaintiff was riding collided with the rear end of Stinnett's truck as it was being pushed along, injuring the plaintiff. The collision occurred at a point just east of the filling station. Plaintiff joined as defendants the company, Howell and Stinnett. It appears that the action was originally begun in the Circuit Court of Jackson County at Independence, resulting in a mistrial and on change of venue was transferred to the Circuit Court of Jackson County at Kansas City. Before testimony was introduced at the second trial defendant Howell withdrew his answer. Before the case was submitted to the jury the plaintiff dismissed as to defendant Stinnett. The court directed the jury to return a verdict in favor of the plaintiff against defendant Howell, which the jury did assessing plaintiff's damages at $1. The jury returned a verdict in favor of the company. Plaintiff appeals.

After the jury was sworn the attorneys representing defendant Howell asked leave of the court to withdraw his answer previously filed and to withdraw as his attorneys, whereupon Howell was called and the following proceedings were had:

"The COURT: You are one of the defendants in this case?

"Mr. HOWELL: Yes, sir.

"The COURT: . . . Your attorneys are withdrawing answer. That is a confession of liability on your part. That is with your knowledge and consent?

"Mr. HOWELL: Yes, sir.

"Mr. O'Donnell: Mr. Howell, do you fully realize that if you have any defense to this action, by doing this that you waive that defense?

"The Court: You understand that this is a confession of liability in any event?

"Mr. Howell: Yes, sir.

"Mr. Vey: And you are willing for us to withdraw our appearance for you?

"Mr. Howell: Yes, sir.

"Mr. Boatright: I might say that I explained it to him yesterday morning."

Later Howell filed a written request to withdraw his answer, which the court granted. Thereafter he was called as a witness for the plaintiff and testified that he signed this request at the suggestion of the attorneys for the company who were also representing him and who had filed the answer in his behalf. The company's service station supervisor, Howell's superior, testified that he told Howell that he had been advised by the company's attorneys that if Howell would withdraw his answer, that "it would probably be beneficial to the National Refining Company . . . it would help the case."

Plaintiff contends that the above action of Howell at the direction of the company, his codefendant and employer, was a confession of judgment for the full amount prayed for in the petition not only by Howell himself, but also on the part of the company and that the court erred in failing to render a judgment against both defendants accordingly. There is no merit in plaintiff's contention. Howell's action in withdrawing his answer merely put him in default. A default admits the truth of the allegations of the petition constituting plaintiff's cause of action and defendant's liability thereunder. [Electrolytic Chlorine Co. v. Wallace & Tiernan, 328 Mo. 782, 41 S. W. (2d) 1049.] This is precisely what the court told Howell in advising him of the effect of the withdrawal of his answer, namely: "The Court: Your attorneys are withdrawing your answer. . . . That is a confession of liability on your part." Later when called as a witness for plaintiff, plaintiff's attorney advised Howell to the same effect, namely: "Q. (Mr. O'Donnell): Mr. Howell, don't you know that as a result of your withdrawing your answer that under the law you admit the truth of every allegation set forth in the petition?" The fact that Howell answered both the court and plaintiff's attorney in the affirmative merely demonstrated that he knew the effect of his act in withdrawing his answer and cannot be construed as a positive act of confessing judgment.

As the amount of the damages sued for was unliquidated the default constituted no admission of the allegation of the amount under such circumstances though the other allegations of fact as to the right of

relief were admitted by the default. The amount of damages became a matter of proof. [Brown Const. Co. v. MacArthur Bros. Co., 236 Mo. 41, 139 S. W. 104; Shannon v. Del-Home Light Co. (Mo. App.), 43 S. W. (2d) 872.] Plaintiff proceeded on this understanding in the trial below as evidenced by the statement of plaintiff's attorney to the court as follows:

"Mr. O'Donnell: I want to make this suggestion, as I understand the law, and the way the court has ruled this defendant Howell has, by the withdrawal of the answer left an issue in the case as to the amount of plaintiff's damages. That issue has still to be tried, and he has admitted the allegations of the petition, and I don't know of any way that we can tell the jury how he had admitted it except by putting in the petition."

It was not necessary that an interlocutory judgment be first entered. [Cornoyer v. Oppermann Drug Co. (Mo. App.), 56 S. W. (2d) 612.]

■ The fact that Howell defaulted at the direction or for the benefit of the company does not relieve plaintiff from proving her case against the company, as any defendant at any time may withdraw his defense. [Boatmen's Savings Institution v. Forbes, 52 Mo. 201.] Nor does the default of one defendant, although an admission by him of the allegations of the petition, operate as an admission of such allegation as against a contesting codefendant. [Gloss v. Swanson, 227 Ill. 179.] This is also true, even where one codefendant confesses judgment. [Burr & Co. v. Mathers & Co., 51 Mo. App. 470.]

■ Our ruling above that Howell's action and statements constituted merely a default disposes of the contention of plaintiff that Howell's statement was an admission against interest and binding on the codefendant company. However if Howell's statements could be construed to be an admission against interest the cases relied on by plaintiff do not support her contention as they are based on facts where the entire interest of the codefendants is joint only. In this case judgment was possible against Howell alone, or, under the rule of *respondeat superior* jointly against both Howell and the defendant company. The rule as to the effect of an admission against interest by one codefendant is that where the common interest of the codefendants extends not only to the entire recovery but covers the entire ground of liability and the codefendants if liable at all are liable jointly, then an admission against interest by one is binding on the others. [Adair v. Kansas City Terminal Ry., 282 Mo. 133, 220 S. W. 920.] But where the interest or liability may be separate, then the admission of one is not binding against another. [See City of St. Louis ex rel. v. Clark (Mo. App.), 35 S. W. (2d) 986; Steckel v. Swift & Co. (Mo. App.), 56 S. W. (2d) 806; 22 C. J., secs 402 and 405.]

■ Plaintiff also contends that the court erred in refusing her peremptory instruction on the additional ground that the printed

rules setting out the duties of the company's filling station attendants established as a matter of law that Howell was acting within the scope of his employment in helping push Stinnett's truck from the filling station premises onto and over the highway. These rules, after setting out the duties of the attendant pertaining to the care of the physical properties of the station, stress the service to be rendered by the attendant to customers. Plaintiff relies in the main, on the portion of the rules which we have italicized:

"Be polite, prompt, accurate and attentive. Try to learn the names of customers and use them in your conversation with them. When you are not actually busy waiting on customers, help the lady or gentleman fill his radiator with water, or put air in their tires. *In fact, render them any service that you possibly can.* . . .

"Never fail to greet a customer with a smile or to thank him after the transaction is finished. *Treat your customer equally as you would a welcome guest who comes to your home.* Learn all you can about the different makes of automobiles so that you can discuss them intelligently, thus gaining the confidence of those whom you serve. . . . "

Plaintiff adduced testimony from former employees of the company that additional rules promulgated orally had been given the attendants under which the attendants were to use their own judgment in rendering emergency road service to customers. Defendant's testimony was to the effect that the attendants were to perform only the usual acts in servicing an automobile and were instructed not to leave the premises of the station while on duty. The printed rules do not sustain plaintiff's contention. The issue was properly submitted to the jury to determine whether or not under all the evidence Howell was acting within the scope of his duties.

■ Furthermore, plaintiff has waived her objection to the action of the court in refusing to give her peremptory instruction by later requesting and receiving instruction on the merits of her case. [Everhart v. Bryson, 244 Mo. 507, 149 S. W. 307; John Deere Plow Co. v. Cooper (Mo. App.), 91 S. W. (2d) 145.]

■ Plaintiff complains of Instruction G given at the request of the defendant as follows:

"The court instructs the jury that even though you may find and believe from the evidence that there was no lighted rear lamp on the Stinnett truck at the time and place in question, yet you are further instructed that the driver of a motor vehicle is charged with knowledge of what he would have seen if he had looked, and if you further find and believe from the evidence that either by the illumination from the headlights of the car in which plaintiff was riding, or other lights at the intersection of Van Horn Road and Hardy Avenue, the Stinnett truck was visible to the driver of the car in which plaintiff was riding in time for him by the exercise of the highest degree

of care to have avoided said truck by steering or swerving aside or stopping, and if you find that the driver of plaintiff's car, if the Stinnett truck was visible to him, drove into said Stinnett truck, then you are instructed that the absence of a lighted rear lamp upon the Stinnett truck, if you so find, was not the proximate cause of the collision, then your verdict must be for the defendant National Refining Company.''

This instruction does not state the law applicable to this case. The effect of this instruction is that the plaintiff cannot recover if the negligence of the driver of the car in which plaintiff was riding was the proximate cause of the collision, regardless of any concurring negligence of the company in pushing the unlighted truck on the highway as shown in plaintiff's evidence. The rule is too well established to require discussion that the negligence of the driver of an automobile without more cannot be imputed to the guest. [Thompson v. St. L.-S. F. Ry. Co., 334 Mo. 958, 69 S. W. (2d) 936.] Even if the driver was negligent the company is also liable if it is guilty of negligence which was a contributing or concurring cause of the collision. To constitute a negligent act the proximate cause of the injury, it need not necessarily be the sole cause, but it is sufficient if it is a concurring cause. Where several causes concur to produce an injury, either cause may be termed a proximate cause if it is an efficient cause of injury. [King v. Rieth, 341 Mo. 467, 108 S. W. (2d) 1; Carr v. St. Louis Auto Supply Co., 293 Mo. 562, 239 S. W. 827; Godfrey v. Payne (Mo. App.), 251 S. W. 133.]

Furthermore, that part of the instruction ''then you are instructed that the absence of a lighted rear lamp upon the Stinnett truck, if you so find, was not the proximate cause of the collision,'' is also error. Whether the absence of the lights on the Stinnett truck was or was not a contributing proximate cause, under the facts of this case should have been left to the finding of the jury. [Roper v. Greenspon, 272 Mo. 888, 198 S. W. 1107; Ridenhour v. Oklahoma Contracting Co. (Mo. App.), 45 S. W. (2d) 108.] The giving of this instruction was prejudicial error on account of which this case must be reversed and remanded.

In the event that Instruction E on the contributory negligence of plaintiff given at the request of the company might be offered on retrial we should point out that it is also error. In Thompson v. St. L.-S. F. Ry. Co., supra, this court said:

''The jury should not be instructed that a guest riding in an automobile approaching a railroad crossing is required to use care and vigilance to discover an approaching train in order to warn the driver of the danger and is guilty of contributory negligence if such guest could by reasonable care have discovered the danger and warned the driver thereof, but failed to do so. It was for the jury to say whether

plaintiff did in this respect what a reasonably prudent person would have done under the same or similar circumstances.'' [See Smith v. St. L.-S. F. Ry. Co., 321 Mo. 105, 9 S. W. (2d) 939.]

The other matters claimed as error should not occur upon the retrial, so that we shall not discuss them.

In order to prove her injuries the plaintiff called three doctors as witnesses in her behalf, who testified that as a result of the accident she sustained and was at the time of the trial suffering from an injury to the right sacroiliac joint and limitation of motion of the right leg. Immediately after the accident she was found to be suffering from a laceration of the scalp, a bruised knee and a seriously sprained ankle. Since the time of the accident, she has complained of backaches and the testimony of her physician was that such pain would continue intermittently.

We are of the opinion that Howell having admitted liability by his default, discussion is unnecessary in holding that the verdict against him assessing plaintiff's damages at $1 should be set aside as it clearly indicates misconduct on the part of the jury. This court has held that there should be no distinction between cases where the jury returns a verdict for nominal damages and those in which the jury awards substantial, though inadequate damages. [Grodsky v. Consolidated Bag Co., 324 Mo. 1067, 26 S. W. (2d) 618.]

The judgment against Howell is reversed and the cause remanded for new trial against him on the matter of assessment of the plaintiff's damages only, the verdict finding him liable to remain in force. The judgment against the defendant company is reversed and the cause remanded for new trial. All the judges concur.