**G. T. RICHARDS and Mary Richards, Plaintiffs-Respondents,**

**v.**

**C. B. CONTRACTING COMPANY, Inc., a corporation, Defendant-Appellant.**

No. 8391.

Springfield Court of Appeals.

Missouri.

Oct. 20, 1965.

Robert T. Donnelly, Donnelly & Donnelly, Lebanon, Harry H. Kay, Robert J. Quigley, Kay & Quigley, Eldon, for defendant-appellant.

Morgan M. Moulder, Camdenton, for plaintiffs-respondents.

HOGAN, Judge.

This is an action for damages to the plaintiffs' property caused by the defend-

ant's use of explosives in excavating for a sewer line in Camdenton, Missouri. The plaintiffs had a verdict in the sum of $770.00, and the defendant has appealed. Because of the circumscribed nature of the appeal, only a brief review of the facts is necessary.

At the time involved, the plaintiffs owned and lived in a house on Illinois Street in Camdenton. The house consisted of a living room, kitchen, two bedrooms, bathroom, enclosed porch and a small back porch. It was about four years old when the plaintiffs acquired it "the latter part of '37 or the early part of '38," and was worth, according to Mr. Richards, "$10,000 or a little in excess probably," and according to Mr. Welker, a building contractor, "$10,000 to $12,000." A considerable part of the house had plaster walls and ceilings.

The defendant, as part of its business, installed sewers and disposal plants, and at the time in question was digging trenches for the installation of a sewer system under contract with the city of Camdenton. In this instance, the defendant was using an ordinary backhoe to dig the trenches, but because of "hardpan and boulders" in the vicinity of the Richards house, it became necessary to blast, because, as the defendant's foreman put it, " * * * we just couldn't dig."

In contrast to many cases of this kind, the plaintiffs attributed their damage to the effect of a single, violent blast. It is unnecessary to go into the evidence in detail, but the plaintiffs' claim was that on August 3, 1962, there was a blast or detonation which was " * * * one that was different from all the rest, it was more powerful." The plaintiffs maintained that this particular detonation had caused extensive damage to the plaster in their house, though there was no claim of damage to the foundation or to the structure of the house otherwise. There was evidence that the reasonable cost of repair and restoration of the plaintiffs' house was "a little less than $800," or, according to Mr. Richards, "slightly under $800."

While it vigorously contested the plaintiffs' claim, the defendant did not deny the use of explosives at the time involved, but maintained, as we have said, that the structure of the earth was such that the use of explosives was necessary. The defendant also adduced rather elaborate proof from an expert witness that the cracks in plaintiffs' plaster were the result of settlement and deterioration, rather than blasting damage, and offered proof through this same expert that the amount of explosives used near the Richards house was so small that it could not possibly have caused damage to the house.

The only assignment of error made by the defendant on this appeal is that the giving of plaintiffs' Instruction 3 constituted error. Instruction 3 is as follows:

"The court instructs the jury that the law applicable to this case does not require plaintiffs to allege or prove specific acts of negligence on the part of defendant, if any, and the defendant is responsible for such damages, if any, to plaintiffs' dwelling house which, if you so find, was directly caused by blasting or discharge of blasting powder or explosives on or about the 3rd day of August, 1962, by defendant or its agents or employees, and, if you so find, then the defendant is responsible for such damages, if any, regardless of the degree of care which defendant exercised in such blasting or in discharge of explosives"

The defendant, asserting that Instruction 3 was argumentative and "unduly emphasized the liability of defendant," cites in support of its argument the cases of Stupp v. Fred J. Swaine Mfg. Co., Mo., 229 S.W.2d 681, 684, 685; Kemmler v. City of Richmond Heights, Mo., 114 S.W.2d 994; and Frye v. Baskin, Mo.App., 231 S.W.2d 630, 637 [16] [17]. We have examined these authorities carefully. In the

Stupp case, the plaintiff sustained personal injuries while operating a punch press machine for his employer, and he brought an action against the manufacturer of the machine, claiming that the manufacturer had wrongfully delivered the machine to his employer in an unsafe and dangerous condition. There was evidence that certain adjustments or repairs had been made by the employer or its foreman after the machine was received by the plaintiff's employer, and the defendant made proof that the machine had been rendered unsafe and dangerous because of the employer's repairs, rather than its negligent manufacture or assembly of the machine. The defendant gave an instruction predicating a verdict for the defendant upon the ground that the sole cause of plaintiff's injury was the employer's repair or adjustment of the machine. The plaintiff then offered, and the trial court gave, plaintiff's Instruction No. 9, advising the jury that if they found the defendant to be negligent, and its negligence combined with the conduct of the employer and its foreman in producing the injury, then " * * * there would be no issue of such sole cause in the case *because the defendant could not make use of such conduct* [of the employer and foreman] *to shield itself against the result of its own negligence * * *."* The trial court concluded it had erred in giving this instruction and granted a new trial. On appeal, the Supreme Court considered that Instruction No. 9 was argumentative in form and probably foreclosed a fair consideration of the defendant's sole cause instruction, and affirmed the order granting a new trial. In the Kemmler case, the trial court gave an instruction withdrawing the issue of fraud and misrepresentation from the consideration of the jury in an action wherein the plaintiff sought, among other things, to set aside a release upon the ground that the defendants had obtained it "by undue influence and by misrepre-

sentation and fraud * * *." The reviewing court held that inasmuch as the plaintiff made no proof of any specific act of fraud or misrepresentation it was not error to withdraw that issue from the jury's consideration. In the Frye case, this court held that the trial court did not err in refusing certain abstract instructions which were also slightly argumentative. While we have no doubt of the soundness of the rulings made in those cases, we do not consider that they govern the merits of this appeal. Certainly the instruction in question here is not comparable in complexity or degree of harangue to Instruction 9 in the Stupp case, supra, which, on the face of the reported decision, invited comparison of the defendant's conduct with that of the employer, who was not a party to the action, and told the jury in effect that the defendant was improperly attempting to "shield itself against the result of its own negligence."

Once again, the specific complaints lodged against Instruction 3 in this case are that it was argumentative and overemphasized the liability of the defendant. No other objection is made to the instruction.[1]

As we view Instruction 3, it is in the nature of a cautionary instruction. It does not in terms authorize a verdict, but merely advises the jury that in deciding the merits of the case it is not to consider the negligence, or lack of it, on the part of the defendant. A cautionary instruction may, of course, be prejudicial if it states an incorrect or inapplicable rule of law, Boll v. Spring Lake Park, Inc., Mo., 358 S.W.2d 859, 864–865 [6–8]; Morris v. E. I. Du Pont De Nemours & Co., 351 Mo. 479, 484–485, 173 S.W.2d 39, 42 [2–8], but Instruction 3 does not amount to positive misdirection, because if the defendant's blasting activity caused damage to the plaintiffs' property by vibration or concussion, the defendant was liable, irrespec-

1. It will be understood that we are considering Instruction 3 in light of the instruction practice which obtained prior to the effective date of Rule 70.01, V.A. M.R., pertaining to the use of Missouri Approved Jury Instructions.

tive of negligence. Summers v. Tavern Rock Sand Co., Mo., 315 S.W.2d 201, 203 [1]; Smith v. Aldridge, Mo.App., 356 S.W.2d 532, 534 [1] [2]. Instruction 3 does, to be sure, refer once to "specific acts of negligence," and it tells the jury that defendant's liability is to be determined "regardless of the degree of care which defendant exercised," but at the same time, an instruction is not necessarily prejudicial because there is some repetition or elaboration of the same subject matter in an instruction or series of instructions. Richardson v. Cope, Mo., 370 S.W.2d 318, 322 [3, 4]; Reidinger v. Adams, Mo., 266 S.W.2d 610, 613 [4]; Mueller v. Schien, 352 Mo. 180, 190–191, 176 S.W.2d 449, 454–455 [18–20].

When we read and analyze the instruction as a whole, we find that Instruction 1, plaintiffs' verdict-directing instruction, predicated recovery upon findings that: (1) plaintiffs were the owners of the property in question; (2) the defendant discharged explosives at the time involved "so near to" the property as to cause the "said buildings to be shaken, broken or injured"; (3) plaintiffs were damaged thereby; and (4) the damage was directly and proximately caused by the defendant's blasting. Instruction 2 defined the measure of damages as being the difference in value of the dwelling house immediately before and immediately after the blasting, or the cost of repair and restoration, whichever was less, according to the rule set out in Curtis v. Fruin-Colnon Contracting Co., 363 Mo. 676, 685–687, 253 S.W.2d 158, 164–165 [12]. Plaintiffs also gave Instruction 3.

The defendant tendered and the trial court gave a converse instruction predicating a defendant's verdict upon a finding that "* * * the charges of dynamite or other explosives * * * did not cause the building of plaintiffs to be shaken, broken or injured * * *" and did not cause any damages to plaintiffs. At de-

fendant's instance, the trial court gave a "burden of proof" instruction, advising the jury that the burden was on the plaintiffs to prove by the preponderance of all the evidence every fact which, under the instruction of the court, they were required to prove in order to make out their case, and advising the jury that if the evidence as to any one of such facts was equally balanced, then their verdict must be in favor of the defendant. These instructions seem to us to expound the applicable law fairly in a relatively simple and easily understood fact situation, and we frankly cannot see that Instruction 3 either added to or detracted from the submission as a whole in any substantial or material way.

■■ In the final analysis, however, the defendant's complaints concerning Instruction 3—that it prejudicially overemphasized certain aspects of the case, and is repetitious or argumentative—are matters more appropriately addressed to the trial court than to us. The giving or refusing of a cautionary instruction is primarily a matter within the sound discretion of the trial court, and that court, having had a superior opportunity to observe the conduct of the trial, could best determine whether there was any misleading, confusing or prejudicial effect from Instruction 3. The same assignment of error which is made here was before the trial court on the motion for new trial. By denying the motion, it found against the ground of error advanced here, and we are inclined to defer to that ruling. Roush v. Alkire Truck Lines, Mo., 245 S.W.2d 8, 13 [9, 10] [11, 12]; West v. St. Louis Pub. Serv. Co., 361 Mo. 740, 748–749, 236 S.W.2d 308, 313 [13]; Morris v. E. I. Du Pont De Nemours & Co., supra, 351 Mo. at 485, 173 S.W.2d at 42–43 [2–8]; Edwards v. Business Men's Assur. Co., 350 Mo. 666, 689–690, 168 S.W.2d 82, 95–96 [30]. The judgment is affirmed.

RUARK, P. J., and STONE, J., concur.