Thomas I. SUMPTER, Jr. and Evelyn
Sumpter, Respondents,

v.

J. E. SIEBEN CONSTRUCTION
COMPANY, Appellant.

No. 25943.

Missouri Court of Appeals,
Kansas City District.

March 5, 1973.

Watson, Ess, Marshall & Enggas, Charles E. Patterson, Leonard Singer, Kansas City, for appellant.

Von Erdmannsdorff & Kuhlman, P. Wayne Kuhlman, North Kansas City, for respondents.

Before SHANGLER, C. J., PRITCH- ARD and WASSERSTROM, JJ., and LAURENCE R. SMITH, Special Judge.

SHANGLER, Judge.

The plaintiffs filed a petition alleging damage to the residence they occupied from the blasting operations of the defend- ant construction company. The defendant did not answer or otherwise respond to the petition, and the trial court, after the plaintiffs presented evidence, gave judg- ment by default against the defendant for $10,000, the full relief requested by the pe- tition.

The defendant seeks on this appeal to have the judgment annulled set aside on grounds that 1) the petition fails to state a cause of action, 2) plaintiffs failed to prove the allegations of their petition, and 3) plaintiffs failed to prove damages of any amount.

We need not rescribe plaintiffs' petition, word for word, to meet the first argument defendant makes, that the petition is whol- ly insufficient as a claim for damage from blasting. The precise deficiencies appel- lant finds are that there is no allegation that plaintiffs were owners of the property damaged, nor is there allegation that the blasting was the direct and proximate cause of the damage. The appellant con- tends that the recitals of the petition that plaintiffs were "residing at 1014 Elizabeth, Liberty, Missouri", and that this, "plain- tiffs' house" was damaged "(a)s a result of the use of explosive materials by de- fendant" do not sufficiently plead two averments—ownership and proximate cause —essential to the showing of a cause of action.[1]

A court has no jurisdiction to en- tertain a petition which fails to state a cause of action and the sufficiency of such a petition, as with any other jurisdictional

---

1. The court in Richards v. C. B. Con- tracting Co., Mo.App., 395 S.W.2d 737 approved an instruction which submitted a cause of action for damages for blasting upon findings that, l.c. 740 [1–3] : "(1) plaintiffs were the owners of the prop- erty in question ; (2) the defendant dis- charged explosives at the time involved 'so near to' the property as to cause the 'said buildings to be shaken, broken or injured' ; (3) plaintiffs were damaged thereby ; and (4) the damage was direct- ly and proximately caused by the defend- ant's blasting". Compare MAI 31.03, Verdict Directing-Explosives.

defect, may be raised at any state of the proceedings, even on appeal after judgment. But when the attack on the sufficiency of the petition is made for the first time on appeal, the pleading will be held good unless it it wholly fails to state a cause of action, and in this determination, the petition will be given its fullest intendment as a claim for relief. Ellyson et ux. v. Missouri Power & Light Co., Mo.App., 59 S.W.2d 714, 717 [6]. A petition will be found sufficient after judgment if, after allowing those reasonable inferences and matters necessarily implied from the facts stated, there is sufficient to advise the defendant with reasonable certainty as to the cause of action it is called upon to meet and bar another action for the same subject-matter. Barber v. Allright Kansas City, Inc., Mo.App., 472 S.W.2d 42, 44 [3, 4].

■■ Construed in terms of these principles, the petition states an actionable claim for damages from intentional explosion. The petition by clear implication alleges possession of the real property by physical occupancy and its use by plaintiffs as a dwelling place. Such a possession is an act of ownership. National Cypress Pole & Piling Co. v. Hemphill Lumber Co., 325 Mo. 807, 31 S.W.2d 1059, 1063 [3, 4]; 29 Am.Jur.2d, Evidence, Sec. 234. The term "owner" is *nomen generalissimum* and is given the widest variety of meaning according to the circumstances. Siemer v. Schuermann Building & Realty Co., Mo., 381 S.W.2d 821, 826; 73 C.J.S. Property § 13. A person in possession of real estate under a claim of ownership has sufficient standing to bring an action for injury to the land until challenged by one under a claim of better title. McMurray v. Prairie Oil & Gas Co., 159 Mo.App. 623, 141 S.W. 463, 463 [2]. This petition went by default without such challenge.

■ As to pleading proximate cause, no particular form of allegation is necessary to state a causal relation between the conduct charged and the injury for which recovery is sought. The averment that plaintiffs' house was damaged as a result of the use of explosives by defendant is sufficient against the attack made for the first time on appeal. Andrews v. Parker, Mo.App., 259 S.W. 807, 810 [2].

■ The second point on appeal, that plaintiffs failed to prove the allegations of liability of their petition, is equally without merit. A default admits the traversable allegations in the petition constituting the plaintiffs' cause of action and the defendant's liability thereunder, except that where the damages are unliquidated, the default is no admission of the amount of damages claimed, which then becomes a matter of proof. Barclay v. Picker, 38 Mo. 143, 146; Fawkes v. National Refining Co., 341 Mo. 630, 108 S. W.2d 7, 10 [3]; Putney v. Du Bois Co., 240 Mo.App. 1075, 226 S.W.2d 737, 17 A. L.R.2d 375; Sections 511.110, 511.150, V. A.M.S., Civil Rule 55.11, V.A.M.R. After default, the defendant's argument that plaintiffs' evidence did not sufficiently prove the petition allegation, among others, that it was the defendant which carried on the blasting, becomes irrelevant. The defendant cannot complain that plaintiffs did imperfectly that which they were not required to do at all. For this very reason, we must reject the defendant's further contention that since there was no evidence to prove these allegations of the petition, the judgment becomes "wholly illusory and must be vacated" (presumably under Civil Rule 79.04, V.A.M.R.) to avoid manifest injustice. Since in law the default confesses the petition except for the claim of unliquidated damages,[2] a judgment taken by default which is otherwise regular is presumptively just. The considerations

---

2. However, where a statute requires that a plaintiff exhibit proof of his cause of action from which the court could then declare the rights of the parties, an unanswered or defaulted petition cannot be taken to admit the cause of action pleaded. Jones v. Cook, 354 Mo. 1130, 193 S.W.2d 494.

which prompted the court in Riley v. White, Mo.App., 231 S.W.2d 291, cited to us by defendant, to vacate a default judgment for actual and punitive damages in order to avoid manifest injustice do not appear here. Nor do we find that this holding in *Riley* has been followed since by an appellate court of this state.

The plaintiffs pleaded a claim in strict liability for injury from explosion to their dwelling place and sought damages of $10,000. Although the default of the construction company admitted the right of recovery pleaded, there could be no valid final judgment against the defendant without proof of damages. As its final point the defendant contends that the evidence given by plaintiffs, which consisted of the testimony of Mr. and Mrs. Sumpter, did not prove damages and cannot support the entry of the judgment for $10,000. We agree.

Evelyn Sumpter testified that the foundation of their home rested on a rock ledge and that the blasting caused the ledge to "teeter and move", shaking the foundation and causing the house to shift somewhat. Cracks in the ceilings, walls and floors, separation of the cabinets from the wall, separation of the floors from the framework of the house and a sway in the roof from unmoored rafters, were some of the damage which resulted from the blasting operations. She knew of other damage, not visible, including structural damage, which she did not describe. She had been told by a realtor some time prior to the blasting occurrences that the market value of the house was $18,000. After the blasting damage, the same realtor told her that the house was not saleable and that she and her husband would have to spend "a lot of money" before he would consider showing it for sale. She exhibited a number of photographs of the damage. She asked the court to award her $10,000 as damages. Her husband, Thomas Sumpter, added only that he had helped to build the house and confirmed that the house rested on a rock ledge and thus was more suscep-

tible to damage from blasting than other structures. He did not otherwise elaborate on his wife's testimony. He joined in the request for $10,000 damages, which the court eventually awarded.

■ Generally, the measure of damages for injury to real pᵢ·perty is the difference in the value of the property immediately before and immediately after the injury and there must be evidence of such value. And where the real property can be restored to its former condition at a cost less than the diminution in value, the cost of restoration becomes the measure, but there must be evidence of such cost. Curtis v. Fruin-Colnon Contracting Co., 363 Mo. 676, 253 S.W.2d 158, 164 [12]; Misch v. C. B. Contracting Co., Mo.App., 394 S.W.2d 98, 101 [4–6]; Richards v. C. B. Contracting Company, Mo.App., 395 S.W.2d 737, 740 [1–3]. The plaintiffs' evidence was probative of neither measure and thus the judgment was without proof of damages and cannot stand.

■ We remand this cause to the trial court for assessment of damages only. Upon remand, the position of the defendant will be as that of a party against whom an interlocutory judgment of default has been recorded, before the assessment of damages and rendition of final judgment. Section 511.110, V.A.M.S., entitles a plaintiff to an interlocutory judgment of default when the defendant has failed to file a timely answer or other pleading. The purpose of an interlocutory judgment under this section is to preclude a defaulting defendant from answer or defense to the pleaded right of recovery. Cornoyer v. Oppermann Drug Co., Mo.App., 56 S.W.2d 612, 613 [1]; Civil Rule 74.045, V.A.M.R. An interlocutory judgment of default, in effect, admits the cause of action pleaded by the plaintiff and precludes any participation by the defendant in further proceedings, except on the inquiry of damages where the claim is for an unliquidated sum. Stein v. Rainey, 315 Mo. 535, 286 S.W. 53, 56 [4, 5]; see also, Civil Rule 55.11,

V.A.M.R. Although it does not appear that plaintiffs requested or were granted an interlocutory judgment of default, it was competent for the trial court, after assessment of damages, to enter final judgment against the defendant construction company then still in default. Fawkes v. National Refining Co., 341 Mo. 630, 108 S.W.2d 7, 10 [4]; Cornoyer v. Oppermann Drug Co., Mo.App., 56 S.W.2d 612, 613 [1]. At the retrial, the plaintiffs should be placed in no less advantageous a position than at the hearing for final judgment, at which time the pleadings except for damages were confessed. That is to say, their posture will be that of parties in whose favor an interlocutory judgment of default has been entered.

■ At common law a jury was called by a writ of inquiry in cases of default to assess damages not ascertainable by computation merely. This procedure has been preserved by Section 511.150, V.A.M.S., which, by its terms allows a plaintiff, if he demands it, a jury to assess damages against a defaulting defendant when the damages are not ascertainable by a written instrument. This section has been construed to accord the option of a jury for the inquiry of damages to the defaulting defendant as well. Brown v. King, 39 Mo. 380, 382; Electrolytic Chlorine Co. v. Wallace & Tiernan Co., 328 Mo. 782, 41 S.W. 2d 1049, 1052. In the retrial of the question of damages, the defaulting construction company will have the right to be heard to mitigate damages or even to defeat the action by showing that no damage resulted to the plaintiffs by the conduct alleged against the defendant. Electrolytic Chlorine Co. v. Wallace & Tiernan Co., 328 Mo. 782, 41 S.W.2d 1049, 1052 [6–8]; Laclede Land & Improvement Co. v. Creason, 264 Mo. 452, 175 S.W. 55, 57 [7]. And in this inquiry the defendant may have the determination of a jury.

The judgment is reversed and remanded for determination of damages only.

All concur.