[Civ. No. 9702. Second Appellate District, Division Two.—April 4, 1935.]

FRANK C. MacDONALD, as Chief of Division of Labor Statistics and Law Enforcement, etc., Respondent, v. MARTIN C. NEUNER, Appellant.

Clifford Thoms, Leonard Wilson and Robert P. Dockeray for Appellant.

Chas. F. Lowy and Leo L. Schaumer for Respondent.

FRICKE, J., *pro tem.*—Appeal from a judgment in an action to recover for services rendered.

Appellant was an unsuccessful candidate for the office of mayor of the city of Los Angeles at the primary election held May 2, 1933, and during his campaign had employed campaign workers whose claims for services were unpaid and who assigned to respondent their demands, found by the court to amount to a total of $4,229.89. Other claims were included in the action but were not substantiated and were dismissed. It is claimed that Act 2262, Deering's General Laws, 1931, applied to said primary election, and that since, as such candidate, appellant was limited in his campaign expenditures to $2,000, a sum equal to 20 per cent of $10,000, the annual salary of the mayor of Los Angeles at the time, and since he had incurred expenses in excess of this amount, he was not liable therefor.

Act 2262 makes no mention of what are commonly termed primary elections, and refers and applies only to public elections. Does the act apply to primary election expenditures? Primary elections merely take the place of previous methods of nominating candidates for public office. The effect of the primary election here involved was not to "elect" any person to the office of mayor but merely to nominate persons who should be candidates at the ensuing election when the mayor would actually be chosen and elected. The Primary Election Law, Act 2256, Deering's General Laws, defines a primary election as a "primary nominating election", and separately defines the word "election" as "a general county, city or city and county election as distinguished from a primary election, recall election or special election". The act further discloses the difference by referring to the successful candidates at a primary election as being "nominated". We can assume that the legislature had these distinctions in mind when it some years later passed Act 2262. It might also be noted that expenses of candidates at a primary election are specially provided for in the Primary Election Law, and no limitation is made therein as to the amount which may be incurred or paid. While it is true that under some circumstances a primary election may be included within the term "election" (*Spier*

v. *Baker*, 120 Cal. 370 [52 Pac. 659, 41 L. R. A. 196] ; *Marsh* v. *Hanley et al.*, 111 Cal. 368 [43 Pac. 975] ; *Britton* v. *Board of Commrs.*, 129 Cal. 337 [61 Pac. 1115, 51 L. R. A. 115]), it does not follow that the word "election" always includes a primary election. The primary election and the ensuing election are separate proceedings, involving separate expenditures for campaign purposes. The suggestion that a primary election might become an election where one candidate secures a majority of all votes cast has no application to the case at bar, as appellant herein failed to secure such a majority.

It is appellant's contention in effect that the total expenditures for both primary election and the ensuing election must be kept within the limits laid down by Act 2262. Under such an interpretation unsuccessful opponents at a primary election would be within the law if they had expended up to the maximum amount allowed, but a successful candidate who had expended a like amount would be precluded from incurring or paying anything for campaign expenses between the primary and the election itself. Or, putting it another way, the amount which a candidate could spend between the primary and the election would depend upon the amount spent up to the primary. We believe that the legislature in passing Act 2262 intended to limit campaign expenditures as to amounts only during the campaign following the primary, leaving the limitation of the expenses for the primary election to the limitations provided in the Primary Law.

The case of *Mathewson* v. *Bean*, 114 Cal. App. 519 [300 Pac. 56], cited by appellant, is not in point, as the expenses there involved were incurred at an election and not at a primary election. The cited cases from other jurisdictions are not persuasive here.

The point just decided also disposes of the point that respondent's assignors had not complied with the provisions of section 4 of Act 2262.

■ Appellant's final contention is that respondent failed to show at the trial that his assignors were financially unable to employ counsel. This point is based upon Act 4089, Deering's General Laws, which in defining the duties of the labor commissioner provides that he is to prosecute

actions for wages and other demands "of persons who in the judgment of the commissioner or his said representative are financially unable to employ counsel". The trial court made no finding on this subject, but evidence was introduced at the trial that the labor commissioner had made an investigation and had determined that such assignors were financially unable to employ counsel, and an allegation to that effect is contained in the complaint. The claim that the evidence of the commissioner's investigation and determination was hearsay is not supported by the record. The evidence is presented by a bill of exceptions, which recites that evidence to this effect was introduced but fails to show that proof was by hearsay evidence or that any objection thereto was made. Counsel cites no authority for his position that a finding of the court was necessary as to such investigation and the financial inability of respondent's assignors. Act 4089 lays down the duties of the labor commissioner but does not make it a part of the cause of action nor a condition precedent to the bringing of the action that lack of financial ability to employ counsel be first determined. A finding to that effect was not at all necessary to an adjudication of the merits of the action.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.