[Civ. No. 24205. Second Dist., Div. Three. Oct. 24, 1960.]

MARC BELLAIRE, INC. (a Corporation), Appellant, v. DONALD E. FLEISCHMAN et al., Defendants; DIVISION OF LABOR LAW ENFORCEMENT, DEPARTMENT OF INDUSTRIAL RELATIONS, Intervener and Respondent.

Aaron L. Lincoff for Appellant.

Pauline Nightingale and Conrad Lee Klein for Respondent.

FORD, J.—The plaintiff, Marc Bellaire, Inc., a corporation, has appealed from a judgment in favor of the intervener, Division of Labor Law Enforcement, Department of Industrial Relations, State of California.

The basic facts are not in dispute. The defendant Donald E. Fleischman, who was also known as Marc Bellaire, entered into a contract, under the date of February 11, 1954, with certain persons. In the joint pretrial statement, it was agreed that the latter made such agreement for and on behalf of the corporation, the plaintiff herein, and that it was the contract of the corporation. That contract contained a provision that Fleischman would ''receive as salary from the said corporation the sum of $75.00 per week during the first year of his employment, provided the said corporation does not lose more than $7500.00 during such first year.'' With respect to the second year of his employment, he was to receive ''not less than $7500.00 per year as wages.'' On or about February 11, 1954, Fleischman commenced his work. His employment was terminated on January 25, 1956.[1] During the period from February 11, 1955, to about January 15, 1956, he was paid $4,550 as wages. On or about October 11, 1956, the corporation paid $122.60 ($150 less deductions of $27.40) to the Division of Labor Law Enforcement as a result of a demand made upon the corporation by that agency.

The interest of the intervener, Division of Labor Law Enforcement, in Fleischman's contract of employment arose out of Fleischman's obligations to former employees of his in another venture. On April 21, 1955, a judgment in the sum of $2,740.06 was entered against him in favor of the Division of Labor Law Enforcement as assignee of such former employees. On or about February 8, 1956, Fleischman assigned in writing to the intervener herein all wages and penalties accruing because of the nonpayment of wages by the corporation to Fleischman. Before the filing of the present action, the corporation had notice that Fleischman had assigned his right to wages under the contract to the intervener herein. The judgment against Fleischman was unsatisfied at particular dates in amounts (exclusive of interest) as follows: January 31, 1956, $1,689.84; September 27, 1956, $1,689.84; February 14, 1957, $1,567.24; July 28, 1958, $817.24.

On September 27, 1956, the corporation filed the present action in which Fleischman was named as defendant. In the

---

[1] No issue was raised in this case as to the reason for the termination of Fleischman's employment.

complaint it was alleged that on or about February 11, 1955, the corporation and Fleischman entered into an oral agreement that after March 1, 1955, Fleischman would be paid wages on the basis of $100 per week instead of $7,500 per year, but that, if the corporation realized a net profit at the end of 1955, the difference between the amount theretofore paid to Fleischman and $7,500 per year would be paid to him. It was further alleged that no such net profit was realized. A declaratory judgment was sought with respect to the rights, duties and obligations of the corporation and Fleischman under the original agreement and the alleged oral modification thereof. A pleading in the nature of an answer and counterclaim was filed on behalf of Fleischman by the attorneys for the Division of Labor Law Enforcement. After a demurrer thereto had been sustained, a first amended answer was filed for Fleischman by the same attorneys on February 14, 1957. On the same date, the Division of Labor Law Enforcement obtained an order ex parte that "the complaint in intervention by way of answer and cross-complaint be filed." Pursuant thereto, a pleading entitled "Complaint in Intervention (Answer)" and a pleading entitled "Complaint in Intervention (Cross-complaint for Wages and Penalty Wages)" were filed. Under the latter pleading, the intervener sought to recover the amount of Fleischman's wages which was claimed to be unpaid. Thereafter, a demurrer to the first amended answer of Fleischman was sustained. Fleischman failed to file a new pleading and on August 28, 1957, his default was entered. Demurrers to the pleadings of the intervener were overruled.

Upon the trial of the matter, a judgment was entered in which it was declared that there had been no oral modification of the original contract and that there had been no accord and satisfaction with respect to the wages due thereunder; that Fleischman had performed "all of the conditions on his part to be performed" during the period of February 11, 1954, through January 25, 1956; and that since January 25, 1956, the sum of $2,445 had been due, owing and unpaid by the corporation for such wages. It was ordered and adjudged that the intervener recover from the corporation, appellant herein, the sum of $2,445 with interest thereon from January 25, 1956.

The principal contention of the appellant is that, by reason of the entry of the default of the defendant Fleischman, all of the allegations of the appellant's complaint were admitted and, therefore, the trial court should have received only the

evidence offered by the appellant and should have rendered a judgment in accordance with the appellant's contentions as set forth in its complaint. The appellant also attacks the right of the state agency to intervene.

As assignee of Fleischman's claim for wages (see Lab. Code, § 96), the state agency had an interest in the contract of employment and in the success of Fleischman as against the attempt of the appellant to obtain a declaration that there had been an effectual modification of that agreement. Such interest was of the nature required for intervention. (Code Civ. Proc., § 387[2]; *Dabney* v. *Philleo*, 38 Cal.2d 60, 68 [237 P.2d 648].) The application for leave to intervene was properly made ex parte. (See *Allen* v. *California Water & Tel. Co.*, 31 Cal.2d 104, 106 [187 P.2d 393]; 2 Witkin, California Procedure, 1091.) We need not be concerned with the fact that the intervener filed two pleadings, one in the nature of an answer and the other in the nature of a cross-complaint, because the relief which may be sought by an intervener is broad. As stated by the Supreme Court in *Belt Casualty Co.* v. *Furman*, 218 Cal. 359, at page 362 [23 P.2d 293] : "The granting of affirmative relief to the interveners is but incidental to the main purpose of the section of the Code of Civil Procedure, which is to obviate delay and multiplicity of actions by creating an opportunity to those directly interested in the subject matter to join in an action already instituted. It has been stated that an intervener may be accorded affirmative relief which he could properly seek by way of cross-complaint were he one of the original parties to the action.'' Moreover, an appellate court cannot reverse a judgment for any error as to any matter of pleading or procedure unless it has resulted in a miscarriage of justice. (Const., art. VI, § 4½; *Vaughn* v. *Jonas*, 31 Cal.2d

---

[2]Section 387 of the Code of Civil Procedure is as follows: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it within ten days from the service thereof, if served within the county wherein said action is pending, or within thirty days if served elsewhere.''

586, 601 [191 P.2d 432].) ▉ Prejudice is not presumed and the burden is on the appellant to show its existence. (*Grasgreen* v. *Acme Auto Parks*, 165 Cal.App.2d 680, 684 [332 P.2d 337].)

▉ The authority of the intervener to proceed in the present case must be found in section 98 of the Labor Code. That section is as follows: "The division may prosecute actions for the collection of wages, penalties, and demands of persons who, in the judgment of the Labor Commissioner are financially unable to employ counsel, in cases in which the Labor Commissioner believes such claims are valid and enforceable."[3] Certainly, when the division intervenes to assert rights of an employee to wages under a contract and to seek a judgment for the amount of unpaid wages, it is prosecuting a claim for wages. In effect, in the present case, it has proceeded as a plaintiff against the employer as defendant. (See *Wall* v. *Mines*, 130 Cal. 27, 44 [62 P. 386].) As assignee, the intervener had legal title to the claim and the right to sue on it. (See *Henningsen* v. *Mayfair Packing Co.*, 41 Cal.2d 558, 561 [261 P.2d 521]; 2 Witkin, California Procedure, 1031.).

▉ We are brought, then, to the main contention of the appellant, namely, that the default of Fleischman precluded the granting of any relief to the intervener. In the first place, it is to be noted that the intervention occurred long before Fleischman was in default. This is not a case, such as *Stern & Goodman Inv. Co.* v. *Danziger*, 206 Cal. 456, 460 [274 P. 748], where the intervener claimed only under a defendant already in default at the time of intervention. Moreover, since no judgment had been entered prior to the judgment on which this appeal is based, attention need not be given to the doctrine of res judicata. That doctrine can apply so as to affect parties and those claiming under them only when there has been a final judgment. (*Pillsbury* v. *Superior Court*, 8 Cal. 2d 469, 472 [66 P.2d 149].) Some guidance toward the solution of the main problem presented is found in the reasoning of *Townsend* v. *Driver*, 5 Cal.App. 581 [90 P. 1071]. In that case, the respondent had filed his complaint for the purpose of determining adverse claims to certain real property. The appellants were not made parties but obtained an order per-

---

[3]In this case, we need not be concerned with the financial ability of Fleischman to employ counsel since a determination by the court of such inability does not appear to be necessary to entitle the Division of Labor Law Enforcement to prevail in this action. That matter appears to be one for determination by the state agency before it undertakes action. (See *MacDonald* v. *Neuner*, 5 Cal.App.2d 751, 753-754 [43 P.2d 813].)

mitting them to intervene. They filed their several complaints in intervention. Thereupon, the attorneys for the appellant filed a dismissal of the action as to certain named defendants, in which appeared the names of the interveners. Thereafter, without notice to the interveners, the court ordered the default of other defendants to be entered and gave judgment against such defendants whereby the respondent's title to the real property was quieted. The motion of the interveners to vacate and set aside the judgment was denied. The appellate court reversed both the order refusing to vacate the judgment and the judgment. The court said, at page 584: "The only relief sought, however, by these complaints in intervention was that plaintiff take nothing and that interveners recover costs. Under the law, their position was thereafter that of 'plaintiff in intervention, uniting with the defendant in the cause in resisting the demands of plaintiff in the cause.' (*St. Charles R. R. Co.* v. *Fidelity etc. Co.*, 109 La. 491, [33 South. 574].) The inaction of the defendants in permitting their default does not preclude intervener from his relief. (*People* v. *Perris Irr. Dist.*, 132 Cal. [289] 290, [64 P. 399, 773].)"

It would appear that in a case like the present where the basic interests of the defaulting defendant and the intervener are the same, so that the intervener is in effect a codefendant, no judgment should or could be entered against the defaulting defendant where the intervener prevails. The problem under such circumstances would appear to be akin to that before the court in *Plott* v. *York,* 33 Cal.App.2d 460 [91 P.2d 924]. In that case, an action was brought against both the employer and the employee to recover damages for personal injuries sustained as a result of a collision between an automobile in which the plaintiffs were riding and an automobile driven by the employee in the course and scope of his employment. The employer failed to file an answer and its default was entered. The employee answered and upon the trial the jury returned a verdict in favor of the employee. Thereafter, the plaintiffs sought to have judgment entered by the court as against the defaulting employer. The motion was denied. Judgment was entered in favor of such defaulting defendant. In upholding the determination of the trial court, Mr. Justice White said, at page 463: "The defenses interposed by the answering defendant in the case before us questioned the validity of merits of plaintiffs' entire cause of action in general, and when such defenses prove successful

they enure to the benefit of the defaulting defendant, and final judgment must therefore be entered not only in favor of the answering defendant, but in favor of the defaulting defendant as well. After verdict and judgment for the defendant who pleads in cases such as this, the plaintiff cannot take judgment against the defendant in default, for the reason that upon the whole record it appears that plaintiff has no right of action." (See also *Lynch* v. *Bencini,* 17 Cal.2d 521, 529 [110 P.2d 662] ; *Mirabile* v. *Smith,* 119 Cal.App.2d 685, 689 [260 P.2d 179] ; note, 78 A.L.R. 938.)

In the present case, the appellant does not urge that there was not substantial evidence in support of the determination of the trial court. Hence, it appears that upon the whole record the appellant was not entitled to prevail as against Fleischman with respect to the asserted modification of the contract of employment and as to the claim of an accord and satisfaction. The fact that payment of the present judgment in full to the intervener will more than satisfy the intervener's claim so that in that event a substantial amount will be due to Fleischman from the intervener does not dictate a different result because the merits of the appellant's position with respect to its duties and obligations under the written contract, as determined by the court, could not thereby be affected.

 The trial court allowed interest from January 25, 1956, the date upon which the relationship of employer and employee terminated. The appellant contends that interest should have been allowed only from the date of judgment. There is no merit in that position. When the amount due and payable as of a particular date can be made certain by calculation,[4] interest is to be awarded from that date. (*Charlton* v. *Pan American World Airways, Inc.,* 116 Cal. App.2d 550, 555 [254 P.2d 128] ; *Canavan* v. *College of Osteopathic P. & S.,* 73 Cal.App.2d 511, 521 [166 P.2d 878] ; see *Arocena* v. *Sawyer,* 60 Cal.App. 581, 592 [213 P. 523].)

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

---

[4] At the beginning of the trial, it was stipulated that, if the court found that the appellant was liable under the written contract for the sum of $7,500 for the particular year, the balance unpaid was $2,445 "plus whatever interest would accrue," since $5,055 had theretofore been paid.