334 So.2d 844 (1976)
DADE COUNTY, a Political Subdivision of the State of Florida, and Willie Laster, Appellants,
v.
Sandra LAMBERT et al., Appellees.
No. 74-1748.
District Court of Appeal of Florida, Third District.
January 20, 1976.
*845 Stuart Simon, County Atty., and Thomas F. Valerius, Asst. County Atty., for appellants.
Alldredge & Gray, Miami, for appellees.
Before BARKDULL, C.J., HENDRY, J., and PIERCE, WILLIAM C., (Ret.), Associate Judge.
BARKDULL, Chief Judge.
The case sub judice arose from a collision between a bus and an automobile, which occurred on June 13, 1967. As a result of that accident the appellees, on June 5, 1973, filed suit against the appellants, Metropolitan Dade County and Willie Laster, as owner and operator of the bus, respectively. The suit was also filed against one William Hammaker, the driver of the automobile, but he was never served. *846 Service was perfected on Metropolitan Dade County on June 7, 1973, and upon Laster on March 27, 1974. The County moved for a judgment on the pleadings, alleging § 95.24 Fla. Stat., [providing for a one-year statute of limitations for actions against a municipality applied to actions against the County] barred the instant action. The motion was denied. Thereafter, on June 10, 1974, a default judgment was entered against Laster.
The cause was called for trial and, on October 29, 1974, the morning of the trial, the appellees moved ore tenus for a directed verdict against the County on the basis of their default against Laster. Laster argued to vacate the default and to proceed to trial on the merits. The motion to vacate was denied and the trial court directed a verdict as to liability against each of the appellants. The cause proceeded to jury trial on the issue of damages, resulting in a judgment for each of the appellees in the amount of $2,500.00.
The appellants have raised five points for this court's consideration, which are as follow:
1. The trial court erred in failing to hold the one-year statute of limitations, set forth in § 95.24, Fla. Stat., applied to the County barring the instant suit.
2. The trial court erred in refusing to vacate the default judgment entered against Laster.
3. The trial court erred in directing a verdict as to liability against Metropolitan Dade County.
4. The complaint herein did not meet the jurisdictional requirements of the trial court, in that there was not a good faith allegation of the amount of claim necessary to invoke the trial court's jurisdiction.
5. Closing argument of appellees' counsel was so improper as to prejudice the minds of the jury and deprive the appellants of a fair trial.
As to point one, the trial court was correct. The appellant, Metropolitan Dade County, in reliance upon those authorities likening it to a municipality in various acts taken by the County, now seeks to have this court declare that § 95.24, Fla. Stat. 1974, is applicable to the County. This, we cannot do. Chapter 95, Fla. Stat. 1974, sets forth two distinct Statutes of Limitations; one applying to counties and the other to municipalities. Section 95.08, Fla. Stat., 1974[1] bars any claim against a county, unless the claim is presented to the County Commission within one year from the date of the accident. Section 95.24, Fla. Stat. 1974[1] bars any claim against a municipality, unless suit is filed within one year of the date of the accident. The County has in the past recognized that it was governed by § 95.08, Fla. Stat., 1974 [Butts v. County of Dade, Fla. App. 1965, 178 So.2d 592], and it will not be permitted at this time to assert it is entitled to protection as a municipality under § 95.24, Fla. Stat. 1974. To permit the County to assert such a position would, in effect, permit it to pick and chose which statute of limitations it wished to rely upon, dependent on the facts of the case at hand.[2] Therefore, the four-year statute of *847 limitations, provided for in § 95.11(3), Fla. Stat., applies herein.
The second point is also without merit. In order to vacate a default there must be a showing of a meritorious defense and excusable neglect. The appellants' motion to vacate the default was made ore tenus at time of trial; it contained a mere allegation of a meritorious defense and excusable neglect for Laster's failure to answer. This is insufficient basis upon which to vacate the default. Thomason v. Jernigan, Fla.App. 1962, 146 So.2d 905; Winter Park Arms, Inc. v. Akerman, Fla.App. 1967, 199 So.2d 107; Empire Electric Co. v. R.J. Hunt Construction Co., Inc., Fla.App. 1972, 264 So.2d 114. The appellant-County also complains of failure to give it notice of default taken against Laster. Laster, in his own right, is only entitled to notice of application for default under Rule 1.500(b), RCP, if he had filed or served any paper in the action. There was no showing that he had done so, and the default could be entered against him without any notice. Certainly the County would not be entitled to any greater rights than Laster, against whom the default was entered.
The appellants' third point appears meritorious. The trial court directed a verdict as to liability against the County, based solely on the default of Laster, notwithstanding the County's denial of liability. The County's liability herein is vicarious, based upon a finding that Laster was negligent, causing the injury. The failure of Laster to plead, resulting in a default against him cannot deprive the County of its right to have a jury determination of its defense, notwithstanding that said defense would be common to Laster. The default of one defendant, although an admission by him of the allegations of the complaint, does not operate as an admission of such allegation as against a contesting co-defendant. Marc Bellaire, Inc. v. Fleischman, 185 Cal. App.2d 591, 8 Cal. Rptr. 650; Fawkes v. National Refining Co., 341 Mo. 630, 108 S.W.2d 7; Compare 98 A.L.R. 938-957. Thus, it was error to direct a verdict against the County based on Laster's default.
The fourth point is also without merit. The jurisdiction of the court is to be determined by the sum in good faith claimed or put into controversy when the action is commenced, and not by the amount of recovery. Tantillo v. Mileman, Fla. 1956, 87 So.2d 413; Curley v. Miami Transit Company, Fla.App. 1962, 141 So.2d 299; Castellano v. Bader Bros. Van Lines, Inc., Fla.App. 1968, 208 So.2d 842. There is nothing in the record herein showing the demands of the plaintiffs herein were not made in good faith; thus it was not error to deny the appellants' motion to transfer the cause to the County Court.
As to the last point raised on appeal, we find that argument of counsel complained of herein was not so flagrant as to inflame the minds of the jury, resulting in prejudice to the appellants. Therefore, this point is without merit.
Based on the foregoing, so much of the final judgment as relates to Metropolitan Dade County, is reversed and remanded for a new trial on the issues of liability and damages. That portion of the judgment relating to Laster is hereby affirmed.
Reversed in part with directions; affirmed in part.
NOTES
[1] Pursuant to Ch. 74-382, Laws of Florida, 1974, §§ 95.08, 95.24, Fla. Stat. have been repealed effective January 1, 1975, and there is no longer a shortening of the statute of limitations relating to municipalities nor is there any requirement that limits the time for filing a claim with either a county or a municipality.
[2] Art. 3, § 11(a)(7), Constitution of the State of Florida (1968), prohibits the Legislature from passing special laws or general laws of local application pertaining to limitations of time for bringing suit. See: Wilson & Company, Inc. v. City of Jacksonville, 5th Cir.1948, 170 F.2d 876. Art. 8, § 11(1)(f), Constitution of the State of Florida (1885), pertaining to Dade County Home Rule, provides: "* * * that there shall be no power to abolish or impair the jurisdiction of the Circuit Court * * * or to abolish any other court provided for by this Constitution or by general law, * * *". Thus, Metropolitan Dade County does not have the power to shorten the statute of limitations for bringing suit in actions against the County. Inasmuch as the Legislature has not seen fit to do so by general law, the County must therefore be governed by the four-year statute of limitations provided for in § 95.11(3), Fla. Stat.