349 So.2d 826 (1977)
Jose Amado PEREZ, M.D., P.A., Appellant,
v.
Sergio Max RODRIGUEZ, M.D., Appellee.
No. 76-1864.
District Court of Appeal of Florida, Third District.
September 13, 1977.
*827 Robinson & Greenberg, Miami, for appellant.
Wayne, Genden & Bach and James W. Jarvis, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
HUBBART, Judge.
The plaintiff (Jose Perez) appeals from a final judgment entered in favor of the defendant (Sergio Rodriguez) upon granting the defendant's motion for summary judgment as to counts I and IV of the plaintiff's complaint. The motion for summary judgment was based on res judicata grounds. The plaintiff contends on appeal that a prior default judgment entered against him in an action brought by the defendant Rodriguez on two promissory notes was not res judicata as to the present breach of contract actions notwithstanding that the prior notes arose out of obligations contained in the contract now sued upon. We agree and reverse.
The law is clear that a default judgment conclusively establishes between the parties, so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action and every fact necessary to uphold the default judgment, but such judgment is not conclusive as to any defense or issue which was not raised and is not necessary to uphold the default judgment. Baum v. Pines Realty, Inc., 164 So.2d 517, 522 (Fla. 2d DCA 1964). The complaint in the prior action on the promissory notes alleged that the plaintiff Perez executed two promissory notes in favor of the defendant Rodriguez which the plaintiff Perez defaulted on and for which judgment should be entered in the amount due and owing. The default judgment entered upon this complaint conclusively establishes that the plaintiff Perez is liable to the defendant Rodriguez on the two promissory notes in the total amount adjudged.
The default judgment, however, is not conclusive on the breach of contract actions presently brought since these actions raise issues which were not involved in the prior actions and which are not necessary to uphold the prior default judgment. Indeed, the complaint in the prior action does not even mention the contract upon which the present suit is brought. Moreover, the present suit alleges facts and theories of liability under the contract which are in no way inconsistent with the established liability of the plaintiff Perez on the prior promissory notes. Counts I and IV of the present complaint are, accordingly, not barred by res judicata.
The judgment appealed from is reversed and the cause remanded for further proceedings.