PER CURIAM.
Appellant, American Federation of Government Employees (AFL-CIO), et al., (AFGE), appeals a summary final judgment entered in favor of Appellee, Joseph Alba-nese. We reverse.
AFGE instituted an action of replevin to recover possession of Union property allegedly in the possession of Albanese at the time he was removed from office as president of Union Local 2447 which AFGE placed in trusteeship. AFGE recovered possession of all property sought except the proceeds of a check for $1,750.00 drawn by Albanese on the local’s bank account between the time of the imposition of the trusteeship and the institution of the re-plevin action.[1] AFGE amended its complaint to plead for a money judgment against Albanese for $1,750.00, plus interest, on the theory of breach of his fiduciary obligations. There remain genuine issues of material fact as to that claim, precluding disposition by summary judgment. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Reversed and remanded for further proceedings.

. The trial court properly retained jurisdiction despite the fact that the amount in controversy was below the minimum jurisdictional level. This is due to the alternative equity relief claimed by AFGE and the good faith test of the sum put in controversy when the action commenced. See Dade County v. Lambert, 334 So.2d 844 (Fla. 3d DCA 1976) and Section 78.-03, Florida Statutes (1977).