544 So.2d 1141 (1989)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Letha CLARK and Martha Mosby, Appellees.
No. 88-3161.
District Court of Appeal of Florida, Fourth District.
June 14, 1989.
Richard A. Sherman of Richard A. Sherman, P.A., Fort Lauderdale, for appellant.
August LaRocco of Fixel & LaRocco, Hollywood, for appellee-Letha Clark.
DOWNEY, Judge.
This is an appeal from a non-final order in a suit involving an uninsured motorist claim, wherein the trial court struck the uninsured motorist carrier's (State Farm) defenses regarding liability for the accident in question.
It appears that appellee, Letha Clark, was involved in an intersectional accident with Martha Mosby, an uninsured motorist. Clark had a policy of automobile insurance with State Farm, which provided uninsured motorist coverage. A provision of said policy pertinent here is set forth in the margin.[1] Essentially, it provides that, if the parties are unable to agree on arbitration, the insured shall file suit against both the driver of the uninsured vehicle and State Farm and secure a judgment in said suit as a result of an actual trial. Furthermore, it provides that in said suit against the driver or owner of the uninsured vehicle State Farm shall have the right to defend on the *1142 issues of the legal liability of and damages owed by such owner or driver.
When the parties were unable to agree on arbitration, Clark sued Mosby and State Farm. To the First Amended Complaint, State Farm filed affirmative defenses, which included comparative negligence, failure to meet the no fault threshold, collateral source benefits, and a seat belt defense. As a result of a series of motions for sanctions against Mosby, the trial court struck Mosby's answer and affirmative defenses and granted Clark's motion for a default against Mosby.
At the beginning of the trial, the court granted Clark's in limine motion and motion to strike, eliminating State Farm's liability defenses from the case due to the fact that the default had been entered against the uninsured motorist, Mosby. A continuance was then granted and State Farm perfected this appeal.
State Farm contends that the default against the uninsured motorist, Mosby, cannot be visited upon State Farm and preclude it from defending on liability issues it raised in its answer. Clark concedes that State Farm would not be precluded from asserting its defenses were it not for the wording of its policy; but that, by requiring the insured to join the uninsured motorist and State Farm in one suit and requiring one judgment therein, State Farm's defenses were wiped out by Mosby's default and the only remaining issue as to both was the question of damages.
The record reflects that the trial judge and counsel below were of the view that, because of the default entered against Mosby, in order for State Farm to pursue its liability defenses the court would have to bifurcate the issues in the case, which would result in two judgments contrary to the policy provisions referred to previously. They further felt that, in view of said provisions, this procedure would require Clark to give up her defaulted claim for damages against Mosby in order to pursue her claim against State Farm. We disagree with this conclusion and hold that bifurcation was not required in order to pursue both claims and that no violence to the policy language would be involved.
In Dade County v. Lambert, 334 So.2d 844 (Fla. 3d DCA 1976), a Dade County bus, driven by Willy Laster, was involved in a motor vehicle accident with an automobile driven by William Hammaker. Lambert sued Dade County, Laster and Hammaker. The latter was never served; a default on liability was entered against Laster; and the case proceeded to trial against Dade County and Laster. On the day of trial the court granted a directed verdict as to the liability of both Dade County and Laster and the case was tried on damages only, resulting in judgment for each of the plaintiffs for $2,500 against Laster and Dade County. On appeal, the district court affirmed the judgment against Laster but reversed the judgment against Dade County.
Apropos the issue involved in the present case, the Lambert case stated:
The failure of Laster to plead, resulting in a default against him cannot deprive the County of its right to have a jury determination of its defense, notwithstanding that said defense would be common to Laster. The default of one defendant, although an admission by him of the allegations of the complaint, does not operate as an admission of such allegation as against a contesting co-defendant. Marc Bellaire, Inc. v. Fleischman, 185 Cal. App.2d 591, 8 Cal. Rptr. 650; Fawkes v. National Refining Co., 341 Mo. 630, 108 S.W.2d 7; Compare 98 A.L.R. 938-957. Thus, it was error to direct a verdict against the County based on Laster's default.
Id. at 847. Thus, analogously, the mere fact that a default on liability was entered against Mosby does not preclude State Farm from defending on liability issues.
With regard to the contention that a bifurcation was necessary in order for Clark to proceed against both Mosby and State Farm, the following statement from 33 Fla.Jur.2d Judgments and Decrees § 281 (1982), seems to demonstrate the error of that conclusion:

*1143 In an action against several defendants, some of whom default, the question of damages as to the defaulting defendants may properly be tried and determined at the trial of the case of the answering defendants, and as a part thereof. In such a case it is proper to submit to the jury the issues of fact as to the defendant who is not in default, and the assessment of damages against one who is in default.
Netso v. Foss, 21 Fla. 143 (1884); Dade County v. Lambert, 334 So.2d 844 (Fla. 3d DCA 1976).
In view of the foregoing, it appears that it was improper for the trial court to strike State Farm's liability defenses and force it to trial on damages only. Instead, the court should have proceeded to trial, in which State Farm would have the opportunity to prove up its defenses to liability, and all parties would have the opportunity to submit evidence on the question of damages. Use of a special verdict will accomodate the issues as to each of the parties and, depending on the outcome, a single judgment (as required by the policy) can be entered for or against the respective parties.
Accordingly, the order appealed from is reversed and the cause is remanded to the trial court for further proceedings.
LETTS and GLICKSTEIN, JJ., concur.
NOTES
[1] The State Farm uninsured motorist provision states, among other things:

2. If either party does not consent to arbitrate these questions or if the arbitrators selected by each party cannot agree on a third arbitrator, the insured shall:
a. file a lawsuit in the proper court against the owner or driver of the uninsured motor vehicle and us, or if such owner or driver is unknown, against us; and
b. upon filing, immediately give us copies of the summons and complaints filed by the insured in that action, and
c. secure a judgment in that action. The judgment must be the final result of an actual trial and an appeal, if an appeal is taken.
3. If the insured files suit against the owner or driver of the uninsured motor vehicle, we have the right to defend on the issues of the legal liability of and the damages owed by such owner or driver.