**In re Harry S. EBERHART, Debtor.**

**FIRST AMERICAN TITLE INSURANCE COMPANY, Plaintiff,**

v.

**Harry S. EBERHART, Defendant.**

**Bankruptcy No. 95–31694.
Adversary No. 95–3086.**

United States Bankruptcy Court,
D. Connecticut.

Oct. 14, 1997.

---

Julie A. Manning, Shipman & Goodwin, Hartford, CT, for Plaintiff–Movant.

Susan M. Williams, Grafstein and Associates, Farmington, CT, for Defendant–Respondent.

## MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT

ALBERT S. DABROWSKI, Bankruptcy Judge.

### I. INTRODUCTION

In this adversary proceeding the Plaintiff seeks to have declared nondischargeable a debt allegedly owed to it by the Debtor–Defendant. The Plaintiff has moved for summary judgment based upon the alleged preclusive effect of a prior default judgment of a Florida State trial court. For the reasons which follow, the motion for summary judgment will be denied.

### II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceeding by virtue of 28 U.S.C. § 1334(b); and this Court derives its authority to hear and determine this matter on reference from the District Court pursuant to 28 U.S.C. § 157(a), (b)(1). This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(I).

### III. SUMMARY JUDGMENT STANDARDS

Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, directs that summary judgment enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

When ruling on motions for summary judgment "the judge's function is not ... to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there are no material facts in dispute and all reasonable inferences are to be drawn, and all ambiguities resolved in favor of the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

## IV. UNCONTESTED FACTS

On or about May 6, 1989, Judy Zangari and Joseph Zangari executed and delivered a $45,500 promissory note (hereafter, the "Promissory Note") to Mortgage Investment Associates, Ltd. (hereafter, "MIA") in connection with the refinancing of certain residential real estate located in Florida (hereafter, the "Property"). The Debtor–Defendant was the attorney for Mr. & Mrs. Zangari in connection with that transaction.

MIA—the predecessor-in-interest to the Plaintiff—loaned funds to the Zangaris with the understanding that the loan proceeds would be used to satisfy a first mortgage then encumbering the Property, resulting in MIA obtaining a first mortgage position on the Property.

Following the Zangaris' execution of the Promissory Note, MIA provided net loan proceeds in the amount of $42,603 to the Defendant to complete the intended transaction. The net loan proceeds were not utilized to satisfy and release the first mortgage on the Property, which caused MIA to occupy a second mortgage position on the Property.

In connection with a civil action styled *Taylor v. Zangari, et al.,* Case No. 89–1085–CA–01, in the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida (the "Florida Action"), the present Plaintiff—a cross-claimant in that action—filed a crossclaim against the Zangaris and the Debtor–Defendant (hereafter, the

"Crossclaim"). Count Three of the Crossclaim—the only Count relevant to the instant proceeding—alleged, *inter alia,* that the Debtor–Defendant converted the loan proceeds to his own use.

The Debtor–Defendant filed an answer and counterclaim to the Crossclaim. However, on February 28, 1990, the Plaintiff obtained a final default judgment against the Debtor–Defendant on the Crossclaim in the total principal amount of $49,471.43 (hereafter, the "Florida Judgment").[1] Alleging insufficient notice of hearing, the Defendant, on March 5, 1990, filed a Request to Reconsider the Florida Judgment, which was subsequently denied by the Florida Circuit Court.

On September 5, 1995, the Defendant filed a Chapter 7 petition with this Court. On December 1, 1995, the Plaintiff commenced the instant adversary proceeding against the Defendant to determine the dischargeability of the Florida Judgment. Specifically, the Plaintiff asserts that the Florida Judgment should be deemed nondischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(2)(A), (a)(4), and (6).

## V. DISCUSSION

■ The Plaintiff relies upon the alleged preclusive effect of the Florida Judgment in hopes of establishing critical material facts justifying judgment as a matter of law. It argues that the Defendant is collaterally estopped from disputing the implicit findings of the Florida Judgment, namely that he "converted to [his] own use" property of the Plaintiff.

Because the critical facts necessary to a determination of the nondischargeability cannot be established by the Plaintiff at this stage of this proceeding except through estoppel, this Court concludes that there exist genuine issues of material fact as to the dischargeability of Defendant's obligation, *unless the Florida Judgment establishes those facts through the doctrine of collateral estoppel*

1. On or about December 23, 1992, the Connecticut Superior Court domesticated the Florida Judgment and entered a judgment in favor of the Plaintiff in the total principal amount of $61,-632.39.

It is now clear that collateral estoppel is available to litigants in Bankruptcy Code disputes, and specifically in the context of dischargeability proceedings under 11 U.S.C. § 523(a). *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). The party seeking to utilize the doctrine of collateral estoppel has the ultimate burden of proving the elements necessary for its application. *E.g., In re Thirtyacre*, 36 F.3d 697 (7th Cir.1994).

Under the Full Faith and Credit Doctrine, as codified by 28 U.S.C. § 1738, a federal court is required to give a state court judgment the same preclusive effect as would a sister court of the judgment state.[2] *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415–16, 66 L.Ed.2d 308 (1980). Thus, in the instant case the Court must look to Florida law to determine whether the Florida state courts would estop the Defendant from contesting the material facts in dispute.

Florida law compels courts of that State to estop the litigation of a factual issue arguably determined in a prior judicial action under the following circumstances: (1) when the parties in the two actions are identical; (2) when the issue involved in each action is identical; and (3) when the issue in dispute in the latter action was fully litigated and conclusively determined in the prior action by a court of competent jurisdiction. *E.g., Mobil Oil Corp. v. Shevin*, 354 So.2d 372 (Fla.1977); *West Point Construction Co. v.*

*Fidelity and Deposit Company of Maryland*, 515 So.2d 1374 (Fla. 3d DCA 1987).

## A. Identity of Parties

The Plaintiff easily meets the party identity requirement by virtue of the fact that it and the present Defendant were Cross-claimant and Cross-respondent in the Florida Action. The absence in the present proceeding of certain other parties to the Florida Action does not render the parties non-identical.

## B. Identity of Issues

The Plaintiff has failed to establish a complete congruence between the ultimate issue in this proceeding and any of the material issues determined in the Florida Action. At most the Florida Judgment estops the Defendant from contesting that he "converted" the loan proceeds to his own use.[3] However, because a requisite level of scienter or mal-intent, in addition to simple conversion, is required to establish a debt as nondischargeable under Subsection 523(a)(2), (a)(4), *e.g., In re Bryant*, 147 B.R. 507 (Bankr. W.D.Mo.1992) (embezzlement); *In re Hofmann*, 144 B.R. 459 (Bankr.D.N.D.1992) (larceny), or (a)(6), *e.g., Matter of Scarlata*, 112 B.R. 279 (Bankr.N.D.Ill.1990), *aff'd in part, rev'd in part on other grounds*, 127 B.R. 1004 (N.D.Ill.1991), *aff'd*, 979 F.2d 521 (7th Cir. 1992); *see Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 330–35, 55 S.Ct. 151, 152–54, 79 L.Ed. 393 (decision under Section 17a(2) of Bankruptcy Act), the application of collateral

---

**2.** In this case there is no exception to the full faith and credit doctrine codified at 28 U.S.C. § 1738 There is no claim that the Florida Circuit Court lacked jurisdiction, or that the Florida Judgment was procured by fraud or collusion. *Kelleran v. Andrijevic*, 825 F.2d 692, 694 (2d Cir.1987), *cert. denied* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988). The matters sought to be estopped are "issues well within the regular competence and experience of state courts" and "there is nothing about the issues … which suggests intervention of any strong federal bankruptcy policy prohibiting application of § 1738." *In re Byard*, 47 B.R. 700 (Bankr.M.D.Tenn.1985). *See also Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 386, 105 S.Ct. 1327, 1335, 84 L.Ed.2d 274 (1985) (Specific Congressional intent to create an exception to the full faith and credit doctrine must be found). Although as a practical matter the district courts enjoy jurisdiction over Section 523(a)(2), (4) and

(6) dischargeability actions exclusive of the State courts, *see* 11 U.S.C. § 523(c); *but see* 28 U.S.C. § 1334(c)(1), there is no provision of either Title 11 or Title 28 which evidences a Congressional desire to exclude State courts from the determination of certain facts material to a judgment of nondischargeability.

**3.** Under Florida law, as articulated by at least two of its intermediate-level appellate courts, a default judgment conclusively establishes between the parties, so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action and every fact necessary to uphold the default judgment. *Perez v. Rodriguez*, 349 So.2d 826 (Fla. 3d DCA 1977); *Baum v. Pines Realty, Inc.*, 164 So.2d 517 (Fla. 2d DCA 1964).

estoppel in this case does not provide a basis for establishing those material issues of scienter. Accordingly, summary judgment is unwarranted upon the present record.

### C. Full Litigation

The final criterion for the application of collateral estoppel—full litigation—is often in dispute in cases such as this, where the prior adjudication was by default. This Court has reviewed the relevant Florida state judicial authorities, and finds them rather opaque and inconclusive on the question of the extent of litigation necessary for the application of collateral estoppel, or as it is ofttimes termed in the Florida cases, "estoppel by judgment". *Compare Mobil Oil Corp. v. Shevin,* 354 So.2d 372 (Fla.1977) with *Perez v. Rodriguez,* 349 So.2d 826 (Fla. 3d DCA 1977) and *Baum v. Pines Realty, Inc.,* 164 So.2d 517 (Fla. 2d DCA 1964) (Florida Supreme Court requiring full litigation; intermediate-level appeals courts conclusively establishing facts alleged in complaint). Nonetheless, when applying the Florida law of issue preclusion, the Bankruptcy Courts within the state of Florida have consistently estopped debtors from re-litigating issues determined by Florida default judgments. *E.g., Seay v. Greene (In re Greene),* 150 B.R. 282 (Bankr.S.D.Fla.1993); *Fairway Golfview Homes, Inc. v. Kecskes (In re Kecskes),* 136 B.R. 578 (Bankr.S.D.Fla. 1992); and *Johnson v. Keene (In re Keene),* 135 B.R. 162 (Bankr.S.D.Fla.1991). However, it is unnecessary for this Court to rule formally on the question of "full litigation" given its prior conclusion that even if the Florida Judgment were the product of full litigation, the scope of its preclusive effect leaves material facts in genuine issue.

### VI. CONCLUSION

For the foregoing reasons the Plaintiff's motion for summary judgment shall be denied by separate order.