GOSHORN, Judge.
Nazih Khazaal appeals a default final judgment of foreclosure, arguing that the trial court erred in foreclosing his interest and adjudicating damages based on Appellees’ motion for entry of a final default judgment against his co-defendant, Nabil Khazaal, who had suffered a clerk’s default for failure to *1125 appear and answer the suit. We agree and reverse.
While, as Nazih admits, the default against Nabil established that Nabil’s interest in the collateral was inferior and subordinate to the security interest of Appellees, the default against Nabil did not affect Nazih’s own position; Nazih’s defenses remained to be tested by trial and cannot be disposed of by Nabil’s default.[1] See Dade County v. Lambert, 334 So.2d 844 (Fla. 3d DCA 1976) (default of one defendant cannot operate as an admission of the allegations against a contesting eo-defen-dant). Nazih denied the allegations of the complaint and raised affirmative defenses thereto. He must be afforded the opportunity to prove his position. See State Farm Mut. Auto. Ins. Co. v. Clark, 544 So.2d 1141 (Fla. 4th DCA 1989) (where one defendant has defaulted and the other has contested the suit, case should proceed to trial to give non-defaulting party the opportunity to prove its defenses to liability and all parties the opportunity to submit evidence on the damage issue).
Accordingly, we reverse the default final judgment insofar as it forecloses against Na-zih’s interests and reverse the portions setting forth amounts due for damages and attorney’s fees and remand for further proceedings.
REVERSED and REMANDED for further proceedings.
COBB and W. SHARP, JJ., concur.

. Appellees contend that the factual allegations of the complaint and other pleadings, if true, clearly established the breach of the lease, note, and security agreement, thus permitting foreclosure against both Nabil and Nazih. This is a summary judgment-type argument. Had they proceeded accordingly below, they may have properly prevailed. The problem, however, is that they relied on the default judgment against one co-defendant to establish the liability of the other co-defendant, then used that default to obtain a final default judgment adjudicating the liability of both defendants. This was error. The default against Nabil did not establish the liability of Nazih.