# Third District Court of Appeal
## State of Florida

Opinion filed February 11, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1756
Lower Tribunal No. 17-16141-CA-01
_____

**Marko Dejanovic,**
Appellant,

vs.

**Wayne Block,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley, Judge.

Rex E. Russo, for appellant.

Burstein & Associates, P.A., and Bernardo Burstein, for appellee.

Before LOGUE, LINDSEY, and GORDO, JJ.

LOGUE, J.

Marko Dejanovic appeals from a final judgment entered against him

based on collateral estoppel resulting from default judgments entered against two co-defendants in the case below. We reverse and remand for further proceedings.

## BACKGROUND

Wayne Block sued Dejanovic, Clavis Investments, Inc., and Sigma Equity Lending, LLC. In his operative complaint, Block alleged Dejanovic wholly owned Clavis and Sigma. He further alleged the three defendants fraudulently induced him to accept employment as general counsel for Clavis and Sigma based upon misrepresentations that the companies were fully financed and able to both pay him his promised salary and invest in planned enterprises. In fact, Block maintained Dejanovic went to great efforts over time to hide from him the fact that Clavis and Sigma were grossly underfunded. Block also averred Clavis and Sigma were insolvent and had ceased operations.

Dejanovic answered, denied the material allegations, and raised affirmative defenses, including one that will be discussed later in this opinion. Both Clavis and Sigma, however, failed to answer, and Block obtained default judgments against them awarding him damages against each one in the amount of $126,808.92.

Having obtained default judgments against Clavis and Sigma, Block

2

then moved for summary judgment against Dejanovic based on collateral estoppel and res judicata. In support, Block argued that Clavis and Sigma admitted the allegations in the operative complaint by failing to file answers. Further, Block relied upon the admitted allegations that Clavis and Sigma were wholly owned and controlled by Dejanovic and served merely as his alter egos. The admission of the allegations by Clavis and Sigma, Block asserted, could be used against Dejanovic to pierce the corporate veil.

Dejanovic, on the other hand, noted that, while Clavis and Sigma defaulted, he did not. He had denied the material allegations and asserted several affirmative defense, including that, "[t]o the extent [Block] is seeking to plead piercing the corporate veil, [Block] has failed to plead sufficient ultimate facts to state a cause of action and to support piercing the corporate veil."

The trial court agreed with Block. The trial court reasoned, in part:

As Mr. Dejanovic was the sole shareholder of both Clavis and Sigma, there is a legal relationship which establishes privity between Mr. Dejanovic and Clavis and Sigma. This relationship is also supported by the fact that the interest of Mr. Dejanovic, Clavis, and Sigma, are the same: if it can be determined that Mr. Dejanovic did not make any misrepresentation, then they cannot be held liable for the damages incurred by Plaintiff [Block]. Consequently, when the Court entered the default judgment against Clavis and Sigma, Mr. Dejanovic's interest was also before the Court, as it was his alleged misrepresentations that inputted [sic] liability on all three of them. . . . Mr. Dejanovic did not need to be formally named to be represented when the Court

3

entered judgment against Clavis and Sigma, because as the controlling shareholder, his interests were properly before the Court and as such, he was a party.

The trial court entered a final judgment holding Dejanovic liable for $126,808.92, based on collateral estoppel, but not res judicata. Dejanovic timely appealed.

## ANALYSIS

The issue before this Court is whether the admission of the allegations, resulting from the default judgments against Clavis and Sigma, collaterally estopped Dejanovic from contesting the allegations. We conclude it did not estop Dejanovic.

It is true that "a default judgment conclusively establishes between the parties, so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action and every fact necessary to uphold the default judgment[.]" Jose Amado Perez, M.D., P.A. v. Rodriguez, 349 So. 2d 826, 827 (Fla. 3d DCA 1977). Even if Dejanovic is the sole owner, he is not identical with the corporation and limited liability company he owns. "A general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them." Gasparini v. Pordomingo, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). "[T]the mere ownership of a corporation by a few

4

shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil." Id. Thus, Block could not rely upon the technical admissions by Clavis and Sigma to pierce the corporate veil because those admissions were made by parties the law recognizes as separate and distinct from Dejanovic.

Moreover, Block is attempting to impose technical admissions of allegations by non-contesting co-defendants upon Dejanovic, who is a contesting defendant in the same litigation. As stated earlier, Dejanovic not only denied material allegations but also asserted an affirmative defense challenging Block's allegations relating to piercing the corporate veil. This Court's decision in Dade County v. Lambert, 334 So. 2d 844 (Fla. 3d DCA 1976), disapproved of imposing onto a contesting defendant the technical admissions of a defaulting co-defendant, which is what has occurred here. In Lambert, the plaintiff was apparently a passenger on a Dade County bus that collided with a car. He sued both the driver of the bus and the County as owner of the bus. A default was entered against the driver of the bus. On the morning of trial, the plaintiff moved for a directed verdict against the County based on the default judgment against the driver of the bus. The trial court granted the motion and the County appealed.

On appeal, the County argued the trial court erred by directing a verdict

against the County based solely on the default judgment entered against the driver. This Court agreed and stated as follows:

> The trial court directed a verdict as to liability against the County, based solely on the default of [the bus driver], notwithstanding the County's denial of liability. The County's liability herein is vicarious, based upon a finding that [the bus driver] was negligent, causing the injury. The failure of [the bus driver] to plead, resulting in a default against him cannot deprive the County of its right to have a jury determination of its defense, notwithstanding that said defense would be common to [the bus driver]. <u>The default of one defendant, although an admission by him of the allegations of the complaint, does not operate as an admission of such allegation as against a contesting co-defendant</u>.

<u>Id.</u> at 847 (emphasis added). This court reversed.

<u>Lambert</u> continues to be cited as a good law. <u>See</u> <u>Staniclas v. Bogran</u>, 359 So. 3d 1207, 1207 (Fla. 3d DCA 2023) (quoting <u>Lambert</u> for the proposition a "default of one defendant, although an admission by him of the allegations of the complaint, does not operate as an admission of such allegation as against a contesting co-defendant"); <u>see also</u> <u>Khazaal v. Browning</u>, 717 So. 2d 1124, 1125 (Fla. 5th DCA 1998) (citing to <u>Lambert</u> for the proposition that a "default of one defendant cannot operate as an admission of the allegations against a contesting co-defendant"; stating that a contesting co-defendant "must be afforded the opportunity to prove his position" where he "denied the allegations of the complaint and raised

6

affirmative defenses thereto").

For these reasons, Clavis and Sigma's failure to answer the allegations in the operative complaint constituted admissions of those allegations against them. But they do not constitute admissions against Dejanovic who answered, denied the allegations, raised affirmative defenses, and actively litigated the truth of those allegations.

Reversed and remanded.